IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WOLFGANG KOEHLING                         )
911 North Carolina Avenue, SE             )
Apt. B                                    )
Washington, D.C. 20003                    )
                                          )    Case: 1:07-cv-01152
        v.                                )    Assigned To : Lamberth, Royce C.
                                          )    Assign. Date : 6/27/2007
                                          )    Description: PI/MALPRACTICE
UNITED STATES OF AMERICA                  )
        *Serve:* Alberto R. Gonzales      )
                United States Attorney General )
                U.S. Department of Justice )
                Room 4400                  )
                950 Pennsylvania Ave., NW  )
                Washington, D.C. 20530-0001 )
                                          )
                Rudy Contreras, Chief      )
                United States Attorney for the )
                    District of Columbia,  )
                    Civil Division         )
                United States Attorney's Office )
                501 3rd Street, NW         )
                Washington, D.C. 20530     )
                                          )
                Peter M. Kushner           )
                Office of the General Counsel )
                Architect of the Capitol   )
                Ford House Office Building  )
                Room 265A                  )
                2nd and D Street, SW        )
                Washington, D.C. 20515     )
                                          )
- and -                                    )
                                          )
JACOBS ENGINEERING GROUP, INC.            )
Aka Jacobs Engineering                    )
Aka Jacobs Engineering Company            )
Aka Jacobs Engineering Foundation         )
1209 Orange Street                        )
Wilmington, DE 19801 *and*                )
1111 S. Arroyo Parkway                    )
Pasadena, CA 91105                        )

1

*Serve*: CT Corporation System )
     1015 15th St., NW )
     Suite 1000 )
     Washington, D.C. 20005 )
      )
- and - )
      )
W.M. SCHLOSSER, CO., INC. )
2400 51st Place )
Hyattsville, MD 20781 )
      )
     *Serve*: CT Corporation System )
     1015 15th St., NW )
     Suite 1000 )
     Washington, D.C. 20005 )
      )
- and - )
      )
FLIPPO CONSTRUCTION COMPANY, INC. )
3820 Penn Belt Place )
Forestville, MD 20747 )
      )
     *Serve:* C T Corporation System )
     1015 15th Street, N.W., Ste. 1000 )
     Washington, D.C. 20005 )
      )
 -and- )
      )
CENTEX CONSTRUCTION COMPANY, INC. )
Now Known as Balfour Beatty Construction, its )
Successor in Interest )
3100 McKinon Street )
7th Floor )
Dallas, TX 75201 )
      )
     *Serve:* D.C. Superintendent of Corporations )
     Corporations Division Business )
       Center )
     Room 1100 )
     941 North Capitol St., NE )
     Washington, D.C. 20002 )
      )
 -and- )
      )

2

GILBANE BUILDING COMPANY                    )
A part of GILBANE INC.                       )
7 Jackson Walkway                            )
Providence, RI 02903                         )
     *Serve:* CT Corporation System       )
         1015 15th Street, NW      )
         Suite 1000                   )
         Washington, D.C. 20005       )
                                             )
 -and-                                       )
                                             )
RTKL ASSOCIATES, INC.                        )
Aka RTKL D.C. ASSOCIATES, P.C.               )
901 S. Bond Street                           )
Baltimore, MD 21231 *and*                    )
1250 Connecticut Avenue, NW                  )
Suite 400                                    )
Washington, D.C. 20036                       )
                                             )
     *Serve:* Corporation Service Company  )
         1090 Vermont Ave., N.W.      )
         Washington, D.C. 20005       )
                                             )
  Defendants.                                )

## COMPLAINT

(Negligence)

## INTRODUCTION

1.      This is a civil action brought pursuant to 28 U.S.C. Sections 1346, 1367, 2671 *et seq.* seeking damages for Plaintiff's injuries caused by the negligence of the Defendants.

2.      In addition, it is a civil action seeking damages against the Defendants for acts of negligence under common law.

## JURISDICTION

3.      Jurisdiction exists in this case pursuant to the Federal Tort Claims Act, 28

U.S.C. Section 1346(b). Plaintiff further invokes the supplemental jurisdiction of this

court to adjudicate pendent claims arising under the laws of the District of Columbia

pursuant to 28 U.S.C. Section 1367.

4.      Venue of this court is proper as the incident occurred in the District of

Columbia.

5.      Defendant United States of America has been given notice of this claim

pursuant to 28 U.S.C. Section 2675, on or about July 11, 2006 with the filing of

Plaintiff's Standard Form 95 to the Architect of the Capitol. Defendant United States of

America denied this claim January 12, 2007.

## PARTIES

6.      Plaintiff, Wolfgang Koehling is a citizen of Germany, currently residing in

the District of Columbia at the above captioned address. He is here legally on a work

visa and employed by the World Bank.

7.      The Architect of the Capitol is the agency of Defendant United States

responsible for the construction of the Capitol Visitors Center at the U.S. Capitol

Building. At all times of the incident the United States through its agency the Architect

of the Capitol had supervisory and management authority, and overall responsibility for

and over the construction of the Capitol Visitors Center at the U.S. Capitol Building and

had the authority to open, close, and detour roads including the 100 block of Constitution

Avenue, N.E. to vehicular, bicycle, and pedestrian traffic. At all times of the incident the

4

Defendant United States had ownership, jurisdiction and control of the 100 block of Constitution, N.E., Washington, D.C.

8.    Defendant Jacobs Engineering Group, Inc. ("JEG") is a corporation. At all times of the incident which gave rise to this action, Defendant JEG was retained or contracted by Defendant United States and/or Defendants Centex Construction Company Inc., ("CCC") and/or Gilbane Building Company, ("GBC"), and/or RTKL Associates, Inc. ("RTKL") or another Defendant or agent/contractor of the Defendant United States to work on, oversee, and provide daily engineering oversight, including safety oversight, of the construction of the Capitol Visitors Center at the U.S. Capitol Building. At all times relevant herein, this Defendant was acting within the course and scope of its agency for Defendants United States, its agencies, contractors, corporations, officers, or employees, including but not limited to Defendants CCC and GBC.

9.    Defendant W.M. Schlosser Co., Inc. ("WMS") is a corporation. At all times of the incident which gave rise to this action, Defendant WMS was retained or contracted by the United States by its agency the Architect of the Capitol, and/or Defendant CCC, and/or Defendant GBC, or RTKL, or another named Defendant or agent/contractor of the Defendant United States to work on the construction of the Capitol Visitors Center at the U.S. Capitol Building. At all times relevant herein, this Defendant was acting within the course and scope of its agency for Defendant United States, its agencies, corporations, contractors, officers, or employees, including but not limited to Defendants CCC, and/or GBC.

10.    Defendant Flippo Construction Company, Inc. ("Flippo") is a corporation. At all times of the incident which gave rise to this action, Defendant Flippo was retained

or contracted by Defendant United States through its agency the Architect of the Capitol and/or Defendants CCC and/or GBC, RTKL, or another Defendant or agent/contractor of the Defendant United States to work on the construction of the Capitol Visitors Center at the U.S. Capitol Building. At all times relevant herein, this Defendant was acting within the course and scope of its agency for Defendant United States, its agencies, corporations, contractors, officers, or employees, including but not limited to Defendants CCC, and/or GBC.

11.    Defendant Centex Construction Company, Inc., Now Known as Balfour Beatty Construction Company, Inc., ("CCC") is a Nevada Corporation. At all times of the incident which gave rise to this action, CCC was contracted or retained by Defendant United States, through its agency, the Architect of the Capitol, and/or Gilbane Building Company, who was hired by Defendant the United States and its agency to manage the construction of the Capitol Visitors Center at the U.S. Capitol Building, and/or RTKL Associates, Inc. ("RTKL") or another agent contractor of the Defendant United States. At all times of the incident which gave rise to this action, Defendant CCC's contract involved construction management, site demolition, excavation, and installation of site utilities,  including on information and belief, the excavation being conducted by Defendant WMS, and the utilities being installed by Defendants Flippo and/or JEG. At all times relevant herein, this Defendant was acting within the course and scope of its agency for Defendant United States, its agencies, corporations, officers, contractors, or employees, including but not limited to Defendant GBC.

12.    Defendant Gilbane Building Company, ("GBC") was contracted and retained by Defendant United States through its agency, the Architect of the Capitol, or

Defendant RTKL, or another named Defendant to provide a range of construction management services in support of the Defendant United States' agency the Architect of the Capitol construction management of the Capitol Visitors Center at the U.S. Capitol, including coordinating activities of major construction contractors, including the other named Defendants, and monitoring, supervising, and/or overseeing work safety for the benefit of the public including the Plaintiff. At all times relevant herein, this Defendant was acting within the course and scope of its agency for Defendant United States, its agencies, corporations, contractors, officers, or employees.

13.    Defendant RTKL Associates, Inc. Aka RTKL D.C. Associates, P.C. ("RTKL") is a corporation. At all times of the incident which gave rise to this action, Defendant RTKL was retained by the Defendant United States, its agencies, corporations, contractors, officers, employees, including but not limited to Defendant Gilbane or Defendant CCC to work on the design of the Capitol Visitors Center at the U.S. Capitol Building. Its responsibilities included but were not limited to design of the new Capitol Visitors Center, including architectural plans, contract, and drawings.

## STATEMENT OF FACTS

14.    On or about July 22, 2004 the Plaintiff was riding his bike along the 100 block of Constitution Avenue, N.E. in an easterly direction. As he was riding with traffic at approximately the posted speed limit, without warning, the front tire of his bicycle dropped into a saw cut in the road up to the forks of the bicycle. This sudden drop brought Plaintiff's bike to an abrupt stop and threw the Plaintiff over the handlebars face first on the asphalt roadway.

15.    The saw cut in the 100 block of Constitution Avenue, N.E., which ran parallel with the road was cut by Defendant Flippo.

16.    Defendant Flippo had been instructed per contract and drawings provided by the Defendant United States, its agencies, officers, corporations, contractors or employees, and/or Defendant JEG or Defendant RTKL Associates, Inc., the agent/contractor of Defendant United States agency, the Architect of the Capitol where to layout and saw cut in the 100 block of Constitution Avenue, N.E. for the installation of water main.

17.    Defendant Flippo abandoned its saw cut in the 100 block of Constitution Avenue, N.E., although the saw cut was completed, because the drawings and contract instructions did not disclose preexisting obstructions that included manholes and conduit duct bank. The abandoned saw cut made by Defendant Flippo in the 100 block of Constitution Avenue, N.E. for the completion of contract work was not filled by Defendant Flippo, when asked to do so before Plaintiff's crash.

18.    Defendant Flippo not only refused to fill the saw cut it made, but it also failed to erect barricades, warning signs, or other protective devices in conformance with the Manual on Uniform Traffic Control Devices for Streets and Highways and 616 Traffic Control of these specifications for the protection of cyclists, including the Plaintiff.

19.    On information and belief, Defendant WMS was conducting deep excavation adjacent to the location of the saw cut (road cut) by Defendant Flippo, in the 100 block of Constitution Avenue, N.E.

20.     The road cut by Defendant Flippo was either cut wide enough to allow the front tire of the Plaintiff's bicycle to fall into the cut, and/or the cut was widened over time by the deep excavation being conducted by Defendant WMS adjacent to the cut thus contributing to the dangerous condition of the open road cut for bicycle traffic (including the Plaintiff) in the 100 block of Constitution Avenue, N.E.

21.     The Defendant United States, its agencies, corporations, contractors, officers, agents, or employees, and all the other named Defendants, knew or with reasonable inspection and/or required inspection should have known of the width and depth of the road cut in the 100 block of Constitution Avenue, N.E., and the danger its concealment presented to bicyclists, including the Plaintiff, Wolfgang Koehling.

22.     Although the Defendant Flippo was made aware of the danger and hazard of its road cut to bicyclists, including the Plaintiff Wolfgang Koehling traveling in the 100 block of Constitution Avenue, N.E., Defendant Flippo refused to abate and did not warn the Plaintiff and others riding bicycles in the 100 block of Constitution Avenue, N.E. of the danger and hazard of its road cut.

23.     On learning of the danger and hazard of the road cut in the 100 block of Constitution Avenue, N.E. prior to the crash of the Plaintiff, and after being told by Defendant Flippo that it would not repair the cut to abate this danger to bicyclists, including the Plaintiff, the Defendant United States, its agencies, corporations, contractors, officers, or employees, including Defendants JEG or Defendant, WMS, or Defendant Flippo attempted to conceal or repair the road cut in the roadway by superficially (on the surface only) filling the road cut with a non-load bearing foam-like strip, that did not comply with the laws, rules, regulations, and construction codes and

standards regarding the safe, correct, and timely repair of road cuts and cracks in the road surfaces, including those road surfaces in the District of Columbia.

24.    The actions stated in Paragraph 23 of Defendant United States, its agencies, corporations, contractors, officers or employees, including Defendants JEG or Defendant, WMS, or Flippo or other Defendants their agents, sub-contractors, and employees served to only conceal the width, depth and danger of the road cut from the Plaintiff and other cyclists riding in the 100 block of Constitution Avenue, N.E., thereby creating a hidden and latently dangerous hazard, which could not be detected by or safely crossed by the reasonable bicyclists, including the Plaintiff, Wolfgang Koehling.

25.    Defendant United States, its agencies, officers, corporations, contractors, agents, or employees, including Defendants Flippo, WMS, JEG, CCC, and GBC never attempted to warn the Plaintiff of the danger and hazard of the road cut in the 100 block of Constitution Avenue, N.E.

26.    When Plaintiff's bicycle wheel rolled over the superficially and negligently concealed road cut, it immediately and violently dropped deeply into the road cut causing Plaintiff's crash and injuries as alleged.

27.    Standards, guidelines, laws, regulations, and construction and safety codes required the road cut in the 100 block of Constitution Avenue, N.E. be timely filled and made safe for traffic, including cyclists, and the Plaintiff. The Defendant United States, its agencies, corporations, officers, contractors, agents, or employees, including all Defendants failed to timely fill the road cut in compliance with these standards, guidelines, laws, regulations, and construction safety codes, and failed to act reasonably and safely under the circumstances.

28.    By standards, guidelines, laws, and regulations, and construction and safety codes the United States and its agency, the Architect of the Capitol, and/or the other Defendants named herein were charged with the duty and responsibility for the opening, closing, and re-routing bicycle traffic in the 100 block of Constitution Avenue, N.E., for the safety of the public and cyclists, including the Plaintiff. This duty and responsibility existed and should have been, but was not exercised during the time the road cut in the 100 block of Constitution Avenue existed and was concealed. Cyclists, including the Plaintiff were not re-routed, but allowed to cycle over the dangerously concealed road cut.

29.    The Defendants named in paragraph 28 failed to re-route cyclists while the road cut created a danger and hazard, and/or failed to close the 100 block of Constitution Avenue, N.E. to cyclists, including the Plaintiff until the road cut was abated and the road safe for cyclists, including the Plaintiff.

30.    As a direct and proximate result of the incident and blunt force trauma, Plaintiff suffered severe, permanent bodily injuries and shock to his nervous system which have caused, and will continue to cause, physical and mental pain and suffering for the rest of his life. Plaintiff has incurred, and will continue to incur, medical and related economic costs and expense. Plaintiff incurred other economic and property damage loss.

31.    At all times material hereto, the Plaintiff was traveling at or below the posted speed limit on the 100 block of Constitution Avenue, N.E., with the flow of traffic, and was obeying all traffic laws, rules, and regulations, of the District of

11

Columbia. The Plaintiff neither contributed to nor assumed the risk of his aforesaid injuries.

32.     At all times material hereto, the Defendants knew or should have known of the existence of the abandoned road cut in the 100 block of Constitution Avenue, N.E., knew or should have know of its negligent concealment, and that the road cut and its concealment posed a danger to cyclists, including the Plaintiff.

## COUNT ONE
(Negligence)

33.     Plaintiff incorporates by reference paragraphs 1 – 32 and fully sets forth the paragraphs herein.

34.     At all times material herein, Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, agents, or employees, Defendant JEG, Defendant WMS,  Defendant Flippo, Defendant CCC, Defendant GBC, and Defendant RTKL owed Plaintiff a duty to make required and/or reasonable inspections for the dangerous road cut, an a duty to abate and/or warn the Plaintiff, Wolfgang Koehling and other bicyclists of the danger and hazard of the road cut and/or widening of the cut in the 100 block of Constitution Avenue, N.E., for the safety of the Plaintiff and the public.

35.     At all times material herein, all Defendants owed Plaintiff a duty of care to manage their construction contracts and projects in a safe, workmanlike way in compliance with standards of reasonableness and/or in compliance with the laws, rules, regulations, construction codes and standards and safety standards then in force.

36.     Pursuant to the Manual on Uniform Traffic Control Devices for Streets and Highways and 616 Traffic Control Defendants owed Plaintiff a duty to notify the

Neighborhood Infrastructure Maintenance Office emergency number and fax emergency notification of the abandoned road cut, including its location and size, and the nature of the work being done. Defendants were required to apply for a permit and promptly and safely repair the road cut, for the safety of the Plaintiff and other cyclists, and submit a fax update of their daily work status to said office for the safety of the Plaintiff and public.

37.    All Defendants, owed Plaintiff a duty of care to mange, oversee, and/or supervise contractors, sub-contractors, employees, agents, and construction contracts and work to ensure the safety of the Plaintiff and the public from injury.

38.    Defendant CCC owed Plaintiff a duty of care to manage its construction contract, contractors, sub-contractors, employees, and agents, in accordance with accepted construction standards, practices, laws, rules, regulations, and codes for the safety of the Plaintiff and the public.

39.    Defendants JEG, WMS, and Flippo owed Plaintiff a duty of care to manage their construction contracts, sub-contractors, employees, and agents, in accordance with accepted construction standards, practices, laws, rules, regulations, and codes for the safety of the Plaintiff and public.

40.    Defendant RTKL, and/or Defendant JEG, and Defendant United States owed Plaintiff a duty of care to inspect and verify the construction documents, plans, and drawings provided Defendant Flippo and on which Defendant Flippo relied in making its saw cut in the 100 block of Constitution Avenue, N.E., to ensure their accuracy for the safety of the Plaintiff and the public, and a duty to warn the Plaintiff and public of the unsafe saw cut in the 100 block of Constitution Avenue, N.E.

41.    Notwithstanding said duties, the Defendant United States, Defendant JEG, Defendant WMS, Defendant Flippo, Defendant CCC, Defendant GBC, and Defendant RTKL individually, collectively, and/or through their agencies, employees, officers, corporation, contractors, subcontractors, and/or agents failed to manage safely their construction contracts to comply with the accepted construction standards, practices, laws, rules, regulations, and construction codes and failed to warn the Plaintiff of or remedy the dangerous condition (abate the road cut) which proximately caused Plaintiff's injuries alleged herein.

42.    At all times material herein, the Defendant United States and its agencies, corporations, officers, and employees and the other Defendants named herein owed the Plaintiff a duty to keep the 100 block of Constitution Avenue, N.E. closed fully or partially to cyclist, or to divert cyclists, including the Plaintiff while the road cut was open and dangerous and until it was safe for cyclists, including the Plaintiff to pass.

43.    Not withstanding said duty, the Defendant United States its agencies, officers, corporations, contractors, sub-contractors, or employees and the other Defendants named herein failed to keep the 100 block of Constitution Avenue N.E. partially or fully closed, or to divert cyclists, including the Plaintiff until the road cut was repaired and it was safe to pass.

44.    At all times material herein, the Defendant CCC, and its agent and/or subcontractor, Defendant WMS, its officers, agents, and employees owed Plaintiff a duty to conduct safe excavation in the 100 block of Constitution Avenue, N.E. that would not widen the existing road cut and contribute to the existing hazard, and danger to cyclists, including the Plaintiff.

14

45.     Notwithstanding this duty Defendant CCC and Defendant WMS, their officers, agents, employees, and sub-contractors conducted excavation that on information and belief contributed to or caused the widening of the road cut and the hazard and danger to cyclists, including the Plaintiff.

46.     Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, or employees and agents, Defendant CCC, Defendant GBC, and Defendant RTKL owed Plaintiff a duty to manage the construction contract and manage, oversee, and supervise the excavation being done by Defendant WMS, its employees, and agents, for the safety of the public, including the Plaintiff and other cyclists.

47.     Notwithstanding said duty, the Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, or employees and agents, Defendant CCC, Defendant GBC, and Defendant RTKL failed to properly manage, supervise, and oversee the construction contract, construction, and excavation being done by Defendant WMS, its employees, agents, and sub-contractors in the 100 block of Constitution Avenue, NE, for the safety of the public and the Plaintiff.

48.     At all times material herein, the Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, agents, and employees, including all other named Defendants had a duty to make reasonable, required, and safe abatements to the existing hazard and danger of the road cut as a part of their contract management, construction oversight, and supervision of the ongoing construction and excavation in the 100 block of Constitution Avenue, NE. and otherwise.

49.     Notwithstanding said duty, the Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, or employees and agents, and

15

Defendant JEG and or Defendants WMS or Flippo, or another contractor or employee of another named Defendant carelessly and negligently concealed the danger and hazard of the road cut in the 100 block of Constitution Avenue, N.E. by superficially filling (on the surface only) the road cut with a non-load bearing foam-like strip in violation of the rules, regulations, code, and laws and standards of road and construction safety, that hid the danger and hazard of the width and depth of the road cut from cyclists, including the Plaintiff. Although these Defendants knew or with reasonable and/or required inspection would and should have known of the concealed danger, they did not warn the Plaintiff or the public of the hidden danger.

50.    Notwithstanding said duty, the Defendant Flippo, refused to take any action to fill, abate, and make safe its own road cut, and failed to take any action to warn cyclist, including the Plaintiff of the known danger. Defendant Flippo failed to repair, restore, and make good the abandoned road cut it created, in violation of standard contract management and the rules, regulations, laws, codes, and standards of construction.

51.    At all times material herein, Defendant CCC, Defendant GBC, Defendant RTKL, and Defendant United States, its agencies, officers, corporations, agents, contractors, sub-contractors, and employees, including Defendant JEG owed a duty to cyclists, including the Plaintiff, to provide Defendant Flippo with standard and professional contract management, construction oversight and management, and accurate contract instructions and architectural drawings and plans that would disclose pre-existing obstructions that included manholes and conduit duct bank so that the necessary road cut could be safely located and placed,

52.    Notwithstanding said duty, the Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, or employees and agents, including Defendants, GBC, CCC, JEG, and RTKL provided inaccurate contract instructions and architectural drawings, and substandard contract management and construction oversight and supervision that caused Defendant Flippo to negligently locate the road cut along the middle of Constitution Avenue, N.E., and then abandon the danger and hazard (i.e. the road cut) in the 100 block of Constitution Avenue, N.E. in an unsafe state of disrepair.

53.    Defendant CCC, Defendant GBC, Defendant JEG, Defendant WMS, Defendant Flippo, Defendant RTKL, and Defendant United States, its agencies, officers, corporations, agents, contractors, sub-contractors, and employees, breached the duty they owed the Plaintiff to make reasonable and/or required inspections for the dangerous road cut. These Defendants failed to inspect for the dangerous road cut, and failed to properly manage contractors, subcontractors, and construction contracts to ensure that the dangerous road cut was reported and repaired for the safety of the public and of cyclists, including the Plaintiff. They also failed to abate the condition, report the condition, or warn the Plaintiff and the public of the dangerous condition.

54.    On information and belief, Defendant GBC and/or JEG or other named Defendants failed to provide Defendant United States and its agency the Architect of the Capitol with accurate safety data for extended periods of time that they should have provided in the ordinary course of contract management for the safety of the Plaintiff and the public.

55.    On information and belief, one of Defendant contractors failed to correct recurring safety concerns over an extended period of time that it was required to correct

in compliance with construction and safety standards, regulations, and laws, and for the protection of the Plaintiff and public. This failure was allowed to continue by Defendant United States and Defendant GBC, and its contractors and employees in breach of standard and safe contract management, supervision, and oversight, thereby fostering unsafe conditions for the Plaintiff and the public, including the concealed road cut.

56.     On information and belief, Defendant United States and Defendant GBC, or other named Defendants failed to analyze results of monthly safety audits or safety audit findings in conjunction with injuries to prevent and provide adequate protection for the Plaintiff and the public from safety hazards, including but not limited to the abandoned road cut and its dangerous concealment along the 100 block of Constitution Avenue, N.E. These actions were in breach of standard and safe contract management and construction and safety standards, supervision and oversight, and fostered unsafe conditions for the Plaintiff and the public, including the abandonment of the road cut in the 100 block of Constitution Avenue, NE, and its dangerous concealment.

57.     Defendant United States, and the other named Defendants failed to conduct reasonable, and/or required inspections for safety hazards, and failed to correct recurring safety concerns, including the road cut and its dangerous concealment that is the subject of this litigation for the safety of the public and the Plaintiff. Said Defendants failed to take required precautions against injury or damage to the Plaintiff and other members of the public such as required and reasonable inspections and construction contract management, oversight, and supervision.

58.     As a direct and proximate result of Defendants' negligence and the breach of their duties owed Plaintiff as alleged herein, Plaintiff was injured as described above.

18

59.     The injury alleged herein occurred solely as a proximate result of Defendants' negligence without any contributory negligence or assumption of the risks on the part of the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00) in compensatory damages and such other and further relief as the Court deems just and proper.

Date:  June 27, 2007                    RESPECTFULLY SUBMITTED,

                                        _____
                                        David F. Hall, DC Bar No. 441229
                                        Law Office of David F. Hall
                                        707 D Street, S.E.
                                        Washington, D.C. 20003
                                        (202) 547-9823
                                        Attorney for Plaintiff


                        **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Date:  June 27, 2007                    RESPECTFULLY SUBMITTED,

                                        _____
                                        David F. Hall

19

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

WOLFGANG KOEHLING )
                               )
      Plaintiff, )
                               )
      v. )  Case No. **07  1152**
                               )
UNITED STATES OF AMERICA, *et al.* )
                               )
      Defendants. )

## CERTIFICATE UNDER RULE LCvR 83.2(b)

I hereby certify that I am a member in good standing of this Court and that I previously acted as sole or lead counsel in contested trials in the Superior Court of the District of Columbia and in the various Circuit Courts in the State of Maryland in which testimony was taken in open court and an order or other appealable judgment was entered.

                                             David F. Hall – Bar No. 441229
                                             Attorney for Plaintiff
                                             707 D St., SE
                                             Washington, D.C. 20003
                                             (202) 547-9823

JS-44
(Rev.1/05 DC)

CIVIL COVER SHEET

Case 1:07-cv-01152-RCL    Document 1-2    Filed 06/27/2007    Page 1 of 8

07-1152
RCL

## I. (a) PLAINTIFFS

Wolfgang Koehling

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)   11001

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David F. Hall, Esquire   (202) 547-9823
707 D St., SE
Washington, D.C. 20003

### DEFENDANTS

United States of America, et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01152
Assigned To : Lamberth, Royce C.
Assign. Date : 6/27/2007
Description: PI/MALPRACTICE

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**☐ A. Antitrust**

☐ 410 Antitrust

**☒ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other)  OR  ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

9

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 USC 1346, 1367, 2671 et seq; 28 USC 1346(b); 28 U.S.C. 1367 Federal Tort Claim/ Pendent and common law claims

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   DEMAND $ $1,000,000.00   Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO   If yes, please complete related case form.

DATE 6-27-07   SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd