IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WOLFGANG KOEHLING,

  Plaintiff,

v.

United States of America, et al.,

  Defendants.

Case No.: 1:07-cv-01152
Assigned to: Lamberth, Royce C.
Assign. Date: 6/27/2007
Description: PI/MALPRACTICE

## DEFENDANT, W.M SCHLOSSER CO., INC.'S, ANSWER AND GROUNDS OF DEFENSE

COMES NOW, the Defendant, W.M. Schlosser Co., Inc., by and through its Counsel, The Law Offices of Roger S. Mackey and Harry J. Carleton, Esq., and in Answer to the Complaint filed in the above-referenced matter states as follows:

1. With respect to paragraphs 3, 4, 5, 6, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 22, 38, 40, and 50 of the Complaint, this Defendant states that it has insufficient information to either admit or deny the allegations contained therein. Therefore such allegations are denied and strict proof demanded thereof.

2. This Defendant denies the allegations contained in paragraphs 1, 2, 9, 14, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, and 59 of the Complaint and demands strict proof thereof.

3. With respect to paragraph 33 of the Complaint, this Defendant reasserts its aforementioned responses as if specifically pled.

4. This Defendant generally denies all allegations of negligence and/or wrongdoing.

ANY ALLEGATIONS not previously addressed are hereby denied.

This DEFENDANT reserves the right to assert the following defenses should further investigation or discovery disclose a basis therefore:

### FIRST DEFENSE

The Doctrine Of Assumption Of Risk

### SECOND DEFENSE

The Doctrine Of Contributory Negligence

### THIRD DEFENSE

That the cause of action plead by the Plaintiff in the Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

That the Plaintiff's injuries, if any, were caused by the negligence of a person not a party to this suit nor over whom this Defendant exercised any control.

### FIFTH DEFENSE

That the Plaintiff was not injured to the extent alleged in the Complaint.

### SIXTH DEFENSE

That this Defendant committed no acts of negligence or other violations of the standard of care.

### SEVENTH DEFENSE

Any negligence committed by this Defendant is not a proximate cause of the Plaintiff's injuries.

## EIGHTH DEFENSE

The Statute of Limitations

## NINTH DEFENSE

Lack of Diversity Jurisdiction

## TENTH DEFENSE

That this Defendant committed no acts of negligence or other violations of law.

## ELEVENTH DEFENSE

The Doctrine of Consent

## TWELFTH DEFENSE

The Doctrine of Justification

## THIRTEENTH DEFENSE

The Doctrine of Collateral Estoppel

## FOURTEENTH DEFENSE

The Doctrine of Res Judicata

## FIFTEENTH DEFENSE

The Doctrine of Intervening Negligence

## SIXTEENTH DEFENSE

Plaintiff's alleged damages result from a pre-existing disease process for which this Defendant is not responsible.

## SEVENTEENTH DEFENSE

Failure to meet a condition precedent to recovery.

## EIGHTEENTH DEFENSE

Failure to meet a condition precedent to contract or its beneficiary equivalent.

## NINETEENTH DEFENSE

No Breach of Contract.

## TWENTIETH DEFENSE

Laches.

### TWENTY FIRST DEFENSE

Lack of personal jurisdiction.

### TWENTY SECOND DEFENSE

Lack of subject matter jurisdiction

### TWENTY THIRD DEFENSE

Lack of Notice.

### TWENTY FOURTH DEFENSE

Plaintiff was trespasser.

### TWENTY FIFTH DEFENSE

Area was not under this Defendant's care, custody or control.

This DEFENDANT reserves the right to rely on any other defenses that through further investigation or discovery may become known during the course of this action as well as reserve the right to delete any defenses previously raised herein or amend any responses to allegations made herein should further investigation or discovery demonstrate that there is no basis for such defense or response to such allegation.

WHEREFORE, the aforementioned premises considered, this Defendant respectfully requests that the Complaint be dismissed with prejudice, that costs be assessed and for further relief that this Court deems just.

W.M. SCHLOSSER CO., INC.
By Counsel

LAW OFFICES OF ROGER S. MACKEY

By: \_\_\_\_\_/s/ Harry J. Carleton, Esquire_____
Harry J. Carleton, Esquire
14008 Park East Circle
Chantilly, Virginia 20151
VA Bar No. 68014
(703) 818-6943
**Counsel for Defendant, W.M. Schlosser Co., Inc.**
*HCARLETO@travelers.com*

## CERTIFICATE OF SERVICE

I hereby certify a true copy of the foregoing pleading **DEFENDANT, W.M SCHLOSSER CO., INC.'S, ANSWER AND GROUNDS OF DEFENSE,** was mailed, postage prepaid, this 2nd day of August, 2007 to:

David F. Hall, Esquire
Law Office of David F. Hall
707 D Street, S.E.
Washington, DC 20003
**Counsel for Plaintiff**
DC Bar# 441229
202-547-9823

Alberto R. Gonzales
United States Attorney General
U.S. Department of Justice, Room 440
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001
**Counsel for Defendant United States of America**

Rudy Contreras, Chief
United States Attorney for the
District of Columbia, Civil Division
United States Attorney's Office
501 3rd Street, N.W.
Washington, DC 20530
**Counsel for Defendant United States of America**

Peter M. Kushner, Esquire
Office of General Counsel Architect
of the Capitol Ford House Office Building
Room 265A
2nd and D Street, S.W.
Washington, DC  20515
**Counsel for Defendant United States of America**

Jacobs Engineering Group, Inc.
Aka Jacobs Engineering, Aka Jacobs Engineering Company
Aka Jacobs Engineering Foundation
1209 Orange Street
Wilmington, DE  19801
**Co-Defendant**

Jacobs Engineering Group, Inc.
Aka Jacobs Engineering, Aka Jacobs Engineering Company
Aka Jacobs Engineering Foundation
1111 S. Arroyo Parkway
Pasadena, CA  91105
**Co-Defendant**

Jacobs Engineering Group, Inc.
Aka Jacobs Engineering, Aka Jacobs Engineering Company
Aka Jacobs Engineering Foundation
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC  20005
**Co-Defendant**

Flippo Construction Company, Inc.
3820 Penn Belt Place
Forestville, MD  20747
**Co-Defendant**

Flippo Construction Company, Inc.
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC  20005
**Co-Defendant**

Centex Construction Company, Inc.
Now Known as Balfour Beatty Construction,
its Successor in Interest
3100 McKinnon Street, 7th Floor
Dallas, TX 75201
**Co-Defendant**

Centex Construction Company, Inc.
Now Known as Balfour Beatty Construction,
its Successor in Interest
D.C. Superintendent of Corporations
Corporations Division Business Center
Room 1100, 941 North Capitol Street, N.E.
Washington, DC 20002
**Co-Defendant**

Gilbane Building Company
A part of Gilbane Inc.
7 Jackson Walkway
Providence, RI 02903
**Co-Defendant**

Gilbane Building Company
A part of Gilbane Inc.
CT Corporation System
1015 15th Street, N.W., Suite 1000
Washington, DC 20005
**Co-Defendant**

RTKL Associates, Inc.
Aka RTKL D.C. Associates, P.C.
901 S. Bond Street
Baltimore, MD 21231
**Co-Defendant**

RTKL Associates, Inc.
Aka RTKL D.C. Associates, P.C.
1250 Connecticut Avenue, N.W.
Suite 400
Washington, D.C. 20036
**Co-Defendant**

-8-

RTKL Associates, Inc.
Aka RTKL D.C. Associates, P.C.
Corporation Service Company
1090 Vermont, N.W.
Washington, DC  20005
**Co-Defendant**

                                                                _/s/ Harry J. Carleton, Esquire___
                                                                Harry J. Carleton, Esq.

Nsn:n:cases/2007/070423/pleadings/answer.doc