## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————   )
                          )
WOLFGANG KOEHLING         )
                          )
            Plaintiff,    )
                          )
      v.                  )  Civil Action No. 07-1152 (RCL)
                          )
UNITED STATES OF AMERICA, )
et al.                    )
                          )
            Defendants.   )
                          )
———————————————————————   )

**UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS-CLAIMS AGAINST CENTEX CONSTRUCTION COMPANY, INC., JACOBS ENGINEERING GROUP, INC., W.M. SCHLOSSER CO., INC., FLIPPO CONSTRUCTION, INC., GILBANE BUILDING COMPANY, AND RTKL ASSOCIATES, INC.**

Defendant United States of America (hereinafter "USA"), by and through undersigned counsel hereby answers plaintiff's Complaint as follows:

### FIRST DEFENSE

The plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

The plaintiff's claims are barred by the plaintiff's sole and/or contributory negligence.

### THIRD DEFENSE

The plaintiff's claims are barred by the plaintiff's assumption of the risk.

### FOURTH DEFENSE

The damages complained of by the plaintiff, if any, were caused by the acts or omission of other individuals or entities, or independent contractors over whom this defendant had no control nor right of control at the time in question.

### FIFTH DEFENSE

Plaintiff is not entitled to a jury trial on his FTCA claim against the United States.

### SIXTH DEFENSE

The USA denies that it owed a duty to the plaintiff or that it breached a duty owed to the plaintiff.

### SEVENTH DEFENSE

In response to the numbered paragraphs of the Complaint, the USA, admits, denies or otherwise avers as follows:

1.    Paragraph 1 consists of plaintiff's characterization of his lawsuit, to which no response is required.  To the extent that a response is required, it is denied.

2.    Paragraph 2 consists of plaintiff's characterization of his lawsuit, to which no response is required.  To the extent that a response is required, it is denied.

3.    Paragraph 3 consists of plaintiff's conclusion of law to which no response is required.  To the extent that a response is required, it is admitted.

4.    Paragraph 4 consists of plaintiff's conclusion of law to which no response is required.  To the extent that a response is required, it is admitted.

5.    Admitted.

6.    The USA lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph 6 of the plaintiff's Complaint.

7.    The USA admits only that it is the agency of the United States responsible for the construction of the Capitol Visitors Center at the U.S. Capitol Building (first sentence of Paragraph 7 of plaintiff's Complaint).  Defendant USA denies the remainder of Paragraph 7.

8.    The USA admits only that Jacobs Engineering Group, Inc. is a corporation with which the United States has  contracted. The USA denies that Jacobs Engineering Group, Inc. (JEG), Gilbane Building Company (GBC), Centex Construction Company, Inc. (CCC), W.M. Schlosser Co., Inc. (WMS), Flippo Construction Company, Inc. (FCC), and RTKL Associates, Inc. (RA) or other contractors or any of their employees were agents, servants, or employees of the USA.  The USA avers that they are independent contractors.

9.    The USA admits only that WMS is a corporation with which the United States has contracted.  The USA denies that WMS or any of its employees were agents, servants, or employees of

3

the United States, but rather avers that WMS was an independent contractor.

10.  The USA admits only that FCC is a corporation with which the United States has contracted.  The USA denies that FCC or its employees were agents, servants, or employees of the United States, but rather avers FCC was an independent contractor.

11.  The USA admits only that CCC is a corporation with which the United States has contracted.  The USA denies that CCC or its employees were agents, servants or employees of the United States, but rather avers GBC was an independent contractor.

12.  Defendant admits only that GBC was a company with which the United States has contracted.  The USA denies that GBC or its employees were agents, servants, or employees of the United States, but rather was an independent contractor.

13.  The USA admits only that the USA contracted with RTKL, a corporation.  The Court is directed to the full contracts between the parties for complete and accurate statements of their contractual relationships.

14.  The USA admits that plaintiff was riding a bike in the 100 block of Constitution Avenue, N.E. and that plaintiff fell. Any allegation inconsistent with the foregoing is denied.

15.  The USA admits that FCC made a saw cut in the 100 block of Constitution Avenue, N.E.  All other allegations are denied.

16.  Denied as stated.

17.  The USA admits only that FCC made a saw cut in the 100 block of Constitution Avenue, N.E.  The USA denies the remainder of the allegations contained in Paragraph 17.

18.  The USA admits that FCC did not fill in the saw cut. The remainder of Paragraph 18 are conclusions of law to which no response is required.  To the extent a response is required, they are denied.

19.  The USA admits only that WMS was doing excavation adjacent to the area in question.  Any other allegation or inference is denied.

20.  Admitted.

21.  Denied.

22.  The USA admits that FCC did not fill in the saw cut. Any other allegation or inference is denied.

23.  Denied.

24.  Denied.

25.  Denied.  The USA avers that FCC, WMS, JEG, CCC and GBC and their employees are not agents, servants or employees of the USA, but rather that they are independent contractors.

26.  This paragraph is plaintiff's characterization of the accident to which no response is required.  To the extent a response is deemed required, it is denied.

27.  The allegations contained in Paragraph 27 are conclusions of law to which is required.  To the extent a response is deemed required, they are denied.

28.  Denied.

29.  Denied.

30.  The USA denies that any act or omission on the part of its agents, servants, or employees caused or contributed to the alleged injuries.  The USA has insufficient information to either admit or deny the extent of plaintiff's injuries, if any. Therefore, it denies the same.

31.  Denied.

32.  Denied.

33.  The USA incorporates by reference herein its answers to Paragraphs 1-32.

34.  Denied.

35.  Denied.

36.  Denied.

37.  Denied.

38.  Denied as stated.

39.  Denied as stated.

40.  Denied.

41.  Denied.

42.  Denied.

43.  Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied as stated.

48.  Denied.

49.  The USA admits, based on information and belief, only that an employee of Jacobs Engineering filled in the saw cut in the roadway.  Defendant USA denies the remainder of Paragraph 49.

50.  Denied as stated.

51.  Denied.

52.  Denied.

53.  Denied.

54.  Defendant lacks sufficient information or knowledge to either admit or deny the allegations contained in Paragraph 54 of the plaintiff's Complaint.

55.  Denied.

56.  Denied.

57.  Denied.

58.  Denied.

59.  Denied.

The remainder of the complaint consists of plaintiff's prayer for relief to which no response is required.  To the extent that a response is deemed required, the USA denies that

plaintiff is entitled to the relief requested or to any relief whatsoever.

The USA denies that any act or omission on its part caused or contributed to the injuries alleged by the plaintiff. The USA denies each and every allegation in the Complaint that is not expressly admitted in this Answer.

Wherefore, it is respectfully requested that the Complaint against the USA be dismissed with prejudice and that the Court grant such other relief as it deems appropriate.

## CROSS-CLAIM AGAINST JACOBS ENGINEERING GROUP, INC.

1. The United States of America, by and through the Architect of the Capitol, on or about November 8, 2001, entered into a task order contract with Jacobs Engineering Group, Inc., for Perimeter Security Services for a total cost of approximately $13,000,000.

2. At the time of the incident complained of herein, Jacobs Engineering Group, Inc., was the contractor for the U.S. Capitol Perimeter Security Project.

3. As part of the contract with the United States, Jacobs Engineering Group, Inc. was to provide proper safety and health precautions to protect the work, the workers, the public, and the property of others.

4. As part of the contract with the United States, Jacobs Engineering Group, Inc. was to provide and maintain necessary

safeguards for the protection of its employees, government employees, and the public generally and take all other precautions for their protection against injury.

5.  The United States denies that it owed a duty to the plaintiff or that it breached a duty owed to plaintiff and denies any liability whatsoever.  Nonetheless, if the allegations contained in the Complaint are proven, then the injury to plaintiff was caused by the negligence of Jacobs Engineering Group, Inc and/or the other named defendants.  In the unlikely event that the plaintiff recovers against the United States of America, the United States seeks contractual and/or common law indemnity and/or contribution from Jacobs Engineering Group, Inc.

**Wherefore**, the United States of America demands indemnity and/or contribution as against defendant Jacobs Engineering Group, Inc. in addition to interest and costs.

### CROSS CLAIM AGAINST W.M.SCHLOSSER CO., INC.

1.  The United States of America, by and through the Architect of the Capitol, on or about February 3, 2004, entered into a contract with W.M. Schlosser Co., Inc., for construction services for a cost of approximately $5,644,000.

2.  At the time of the incident complained of herein, W.M. Schlosser Co., Inc. was the contractor for the U.S. Capitol Complex Perimeter Security and Utility Tunnel Roof Repair Projects.

9

3.  As part of the contract with the United States, W.M. Schlosser Co., Inc. was to provide proper safety and health precautions to protect the work, the workers, the public, and the property of others.

4.  As part of the contract with the United States, W.M. Schlosser Co., Inc. was to provide and maintain necessary safeguards for the protection of its employees, government employees, and the public generally and take all other precautions for their protection against injury.

5.  The United States denies that it owed a duty to the plaintiff, or that it breached a duty owed to the plaintiff and denies any liability whatsoever.  Nonetheless, if the allegations contained in the Complaint are proven, then the injury to plaintiff was caused by the negligence of W.M. Schlosser Co., Inc. and/or the other defendants.  In the unlikely event that the plaintiff recovers against the United States of America, the United States seeks contractual and/or common law indemnity and/or contribution from W.M. Schlosser Co., Inc.

**Wherefore**, the United States of America demands indemnity and/or contribution as against defendant W.M. Schlosser Co., Inc., in addition to interest and costs.

## CROSS-CLAIM AGAINST FLIPPO CONSTRUCTION COMPANY

1.  The United States of America, by and through the Architect of the Capitol, on or about August 13, 2003, entered

10

into a contract with Flippo Construction Company, Inc., for construction services for Phase I of the Constitution Avenue Utility Relocation Project for a cost of approximately $692,894.00.

2. At the time of the incident complained of herein, Flippo Construction Company, Inc. was the contractor for Phase I of the Constitution Avenue Utility Relocation Project.

3. As part of the contract with the United States, Flippo Construction Company, Inc., was to provide proper safety and health precautions to protect the work, the workers, the public, and the property of others.

4. As part of the contract with the United States, Flippo Construction Company, Inc., was to provide and maintain necessary safeguards for the protection of its employees, government employees, and the public generally and take all other precautions for their protection against injury.

5. The United States denies that it owed a duty to the plaintiff or that it breached a duty owed to the plaintiff and denies any liability whatsoever. Nonetheless, if the allegations contained in the Complaint are proven, then the injury to plaintiff was caused by the negligence of Flippo Construction Company, Inc. and/or the other defendants. In the unlikely event that the plaintiff recovers against the United States of America,

the United States seeks contractual and/or common law indemnity
and/or contribution from Flippo Construction Company, Inc.

**Wherefore**, the United States of America demands indemnity
and/or contribution as against defendant Flippo Construction
Company, Inc., in addition to interest and costs.

### CROSS-CLAIM AGAINST CENTEX CONSTRUCTION COMPANY, INC.

1.   The United States of America, by and through the
Architect of the Capitol, on or about June 12, 2002, entered into
a contract with Centex Construction Company, Inc., for
construction services for construction of the United States
Capitol Visitors Center and related work in and around the
Capitol Building for a total cost of approximately
$99,877,000.00.

2.   At the time of the incident complained of herein, Centex
Construction Company, Inc. was the contractor for construction of
the United States Capitol Visitors Center and related work in and
around the Capitol Building.

3.   As part of the contract with the United States, Centex
Construction Company, Inc. was to provide proper safety and
health precautions to protect the work, the workers, the public,
and the property of others.

4.   As part of the contract with the United States, Centex
Construction Company, Inc.  was to provide and maintain necessary
safeguards for the protection of its employees, government

12

employees, and the public generally and take all other precautions for their protection against injury.

5.  The United States denies that it owed a duty to the plaintiff and denies any liability whatsoever.  Nonetheless, if the allegations contained in the Complaint are proven, then the injury to plaintiff was caused by the negligence of Centex Construction Company, Inc. and/or the other defendants.  In the unlikely event that the plaintiff recovers against the United States of America, the United States seeks contractual and/or common law indemnity and/or contribution from Centex Construction Company, Inc.

**Wherefore**, the United States of America demands indemnity and/or contribution as against defendant Centex Construction Company, Inc., in addition to interest and costs.

### CROSS-CLAIM AGAINST GILBANE BUILDING COMPANY

1.  The United States of America, by and through the Architect of the Capitol, on or about February 7, 2001, entered into a contract with Gilbane Building Company for construction services for construction of the United States Capitol Visitors Center.

2.  At the time of the incident complained of herein, Gilbane Building Company was the construction manager for construction services at the United States Capitol Visitors Center and the Capitol Building.

13

3.  As part of the contract with the United States, Gilbane Building Company was to provide all services related to and within the scope of construction management services for the United States Capitol Visitors Center at the Capitol Building.

4.  As part of the contract with the United States, Gilbane Building Company was to provide and maintain necessary safeguards for the protection of its employees, government employees, and the public generally and take all other precautions for their protection against injury.

5.  The United States denies that it owed a duty to the plaintiff or that it breached a duty owed to the plaintiff and denies any liability whatsoever.  Nonetheless, if the allegations contained in the Complaint are proven, then the injury to plaintiff was caused by the negligence of Gilbane Building Company and/or the other defendants.  In the unlikely event that the plaintiff recovers against the United States of America, the United States seeks contractual and/or common law indemnity and/or contribution from Gilbane Building Company.

**Wherefore**, the United States of America demands indemnity and/or contribution as against defendant Gilbane Building Company in addition to interest and costs.

## CROSS-CLAIM AGAINST RTKL ASSOCIATES, INC.

1.  The United States of America, by and through the Architect of the Capitol, on or about June 8, 2000, entered into

14

a contract with RTKL Associates, Inc., for design development services for construction documents phases of the Capitol Visitors Center, for a total cost of approximately $26,000,000 to date.

2.  At the time of the incident complained of herein, RTKL Associates, Inc. was the contractor for the services required in connection with the design development and construction documents phases of the Capitol Visitors Center.

3.  As part of the contract with the United States, RTKL Associates, Inc. was to provide proper safety and health precautions to protect the work, the workers, the public, and the property of others.

4.  As part of the contract with the United States, RTKL Associates, Inc. was to provide and maintain necessary safeguards for the protection of its employees, government employees, and the public generally and take all other precautions for their protection against injury.

5.  The United States denies that it owed a duty to the plaintiff and denies any liability whatsoever.  Nonetheless, if the allegations contained in the Complaint are proven, then the injury to plaintiff was caused by the negligence of RTKL Associates, Inc. and/or the other defendants.  In the unlikely event that the plaintiff recovers against the United States of

America, the United States seeks contractual and/or common law indemnity and/or contribution from RTKL Associates, Inc.

**Wherefore**, the United States of America demands indemnity and/or contribution as against defendant RTKL Associates, Inc., in addition to interest and costs.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205