IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Wolfgang Koehling,<br><br>      Plaintiff,<br><br>v.<br><br>United States of America, et al.,<br><br>      Defendants.<br><br>United States of America,<br><br>      Cross-Plaintiff,<br><br>v.<br><br>Jacobs Engineering Group, Inc., et al.<br><br>      Cross-Defendants. | Case No. 1:07-cv-001152-RCL<br>Judge Royce C. Lamberth |

**ANSWER OF CROSS-DEFENDANT JACOBS ENGINEERING GROUP, INC.
TO CROSS-CLAIM BY UNITED STATES OF AMERICA
<u>AGAINST JACOBS ENGINEERING, GROUP, INC.</u>**

COMES NOW, Defendant Jacobs Engineering Group, Inc. ("JE"), by and through its undersigned counsel, and hereby answers the Cross-Claim filed against it by the United States of America ("USA") in the above-captioned matter as follows:

1. Denied. JE avers that the USA, by and through the Architect of the Capitol, entered into general contractual terms with Jacobs Facilities, Inc. on or about November 8, 2001.

2. Denied. JE avers that Jacobs Facilities, Inc. provided certain construction inspection and/or construction management services for the U.S. Capitol Perimeter Security Project.

3. Denied.

4. Denied.

5. Denied as to this Defendant.

JE denies that the USA is entitled to the relief sought.

JE generally denies all allegations of negligence and/or wrongdoing.

JE denies all allegations of the USA's Answer and Cross-Claims that are not specifically admitted herein.

JE incorporates by reference its answer and defenses to the Plaintiff's complaint.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

At all times, this Defendant acted reasonably and safely under the circumstances.

## THIRD DEFENSE

This Defendant committed no acts of negligence or violations of the relevant standards of care.

## FOURTH DEFENSE

This Defendant committed no violations of any relevant statutes, rules, or regulations.

## FIFTH DEFENSE

This Defendant did not know and did not have reason to know about the danger, if any, posed to Plaintiff.

## SIXTH DEFENSE

Plaintiff was not injured to the extent alleged in the Complaint.

## SEVENTH DEFENSE

The area in which Plaintiff claims to have been injured was not under this Defendant's care, custody, or control.

## EIGHTH DEFENSE

Plaintiff's damages or injuries, if any, were caused by the negligence of a person over whom this Defendant did not exercise control.

## NINTH DEFENSE

Any negligence committed by this Defendant is not a proximate cause of the damages or injuries Plaintiff claims to have suffered.

## TENTH DEFENSE

Plaintiff's damages or injuries, if any, were not caused as a result of a breach of any duty that this Defendant owed to Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's own actions are the proximate and/or intervening causes of any damages or injuries he claims to have suffered.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrines of contributory negligence and assumption of the risk.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

### FOURTEENTH DEFENSE

Plaintiff has failed to mitigate any damages that he may have suffered.

### FIFTEENTH DEFENSE

The USA fails to state a claim upon which relief may be granted.

### SIXTEENTH DEFENSE

There is no valid contract between the USA and this Defendant that is relevant to the claims or defenses in this case.

### SEVENTEENTH DEFENSE

This Defendant did not breach any contractual duties, if any, that it owed to the USA.

### EIGHTEENTH DEFENSE

Any breach of contract by this Defendant is not a proximate cause of the damages or injuries Plaintiff claims to have suffered.

### NINETEENTH DEFENSE

Plaintiff's damages or injuries, if any, were not caused as a result of a breach of any contractual duty that this Defendant owed under its contract, if any, with the USA.

### TWENTIETH DEFENSE

The USA's own actions or inactions are the proximate and/or intervening causes of any damages or injuries that Plaintiff claims to have suffered.

### TWENTY-FIRST DEFENSE

Enforcing indemnification against this Defendant under the circumstances of this case would violate public policy.

JE reserves the right to rely on any other defenses that may become known during the course of this action through further investigation or discovery.

WHEREFORE, Defendant Jacobs Engineering Group, Inc. requests that Cross-Plaintiff the United States of America's claims be dismissed with prejudice, that it be awarded its fees and costs, and that this Court order such other relief as it deems just.

Respectfully submitted,

   /s/ Thomas S. Schaufelberger   .
Thomas S. Schaufelberger, D.C. Bar No. 371934
SAUL EWING LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC  20037
202-295-6609
FAX:  202-295-6709
E-mail: tschaufelberger@saul.com

*Counsel for Jacobs Engineering Group, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing ANSWER OF DEFENDANT JACOBS ENGINEERING GROUP, INC. TO CROSS-CLAIM BY UNITED STATES OF AMERICA AGAINST JACOBS ENGINEERING, GROUP, INC., will be served as a matter of course on all Counsel of Record herein by electronic mail via the Court, this 13th day of September, 2007.

   /s/ Thomas S. Schaufelberger   .
Thomas S. Schaufelberger