IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

WOLFGANG KOEHLING                                    :

     Plaintiff,                                    :

v.                                                                    : Case No.: 1:07-CV-01152
                                                   Judge Royce C. Lamberth

GILBANE BUILDING COMPANY, ET.AL.           :

     Defendants                                    :

## DEFENDANT GILBANE BUILDING COMPANY'S MOTION TO VACATE THE ENTRY OF DEFAULT

COMES NOW the defendant, Gilbane Building Company, by and through counsel of record, Law Office of Sanford Friedman, LLC, and pursuant to Federal Rule of Civil Procedure, hereby moves this court to vacate the entry of default in this matter, entered on October 4, 2007. As grounds for this motion, the defendant states that the default should be vacated, in that the default was not wilful, there is a meritorious cause of action, and the failure to plead was due to difficulty in obtaining counsel who did not have a conflict in this matter.  In support of this motion, the defendant incorporates the attached Memorandum of Points and Authorities.

                                   Respectfully submitted,


                            _____/s/_____
                            Sanford A. Friedman, Esq.,
                            1050 17th Street, N.W. Suite 220,
                            Washington, D.C. 20036
                            (202) 331-1060
                            Counsel for Defendant Gilbane Building Company

## CERTIFICATE OF SERVICE

I HEREBY Certify that on this 5th day of October, 2007, a copy of the foregoing document was mailed, first class, postage prepaid to the following:

Thomas S. Schaufelberger, Esq.
Saul Ewing, LLP

1025 Thomas Jefferson Street, NW
Suite 425 W
Washington, DC 20007

Jan E. Simonsen, Esq.
Carr Maloney PC
1615 L Street, NW
Suite 500
Washington, DC 20036

Diane M. Sullivan, Esq.
United States Attorney's Office
555 4th Street, NW
Civil Division
Washington, DC 20530

Jason Todd Wasserman, Esq.
Semmes, Bowen & Semmes
250 West Pratt Street
Suite 16
Baltimore, Maryland 21201

Pattrick James Attridge, Esq.
King & Attridge
39 West Montgomery Avenue
Rockville, MD 20850

Harry J. Carleton, Esq.
Law Offices of Roger Mackey
14008 Park East Circle]
Chantilly, VA 20151

David F. Hall, Esq.
David F. Hall & Associates
707 D Street, SE
Washington, DC 20003

_____/s/_____
Sanford A. Friedman, Esq.

2

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

WOLFGANG KOEHLING                                    :

      Plaintiff,                                   :

v.                                                   : Case No.: 1:07-CV-01152
                                     Judge Royce C. Lamberth

GILBANE BUILDING COMPANY, ET.AL.                     :

      Defendants                                   :

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **Background**

This action was filed on or about June 27, 2007.  Service was effected on Gilbane

Building Company on July 10, 2007.  On August 1, 2007, the defendant's insurance carrier,

Zurich North America received the instant lawsuit.  (Affidavit of Benjamin Everson, ¶3)  On

August 3, 2007, Mr. Everson assigned the lawsuit to the firm of Krause, Fizer for defense of this

action. (Affidavit of Benjamin Everson, ¶4)  On September 17, 2007, unexpectedly, the law firm

of Krause Fizer informed Mr. Everson that they had a conflict in handling this action, and could

not represent Gilbane Building Company.  (Affidavit of Benjamin Everson, ¶5)  On September

19, 2007, Mr. Everson contacted the law firm of Tighe, Cotrell, but was informed that they were

not admitted in the District of Columbia.  (Affidavit of Benjamin Everson, ¶6)  After learning

that Tighe, Cotrell were not admitted in the District of Columbia, Mr. Everson contacted the firm

of Carr Maloney, and was informed that they were already representing a codefendant in this

matter.  (Affidavit of Benjamin Everson, ¶7)  After learning that Carr Maloney could not handle

this action, Mr. Everson contacted the firm of Jordan, Coyne & Savits and was informed that

they were already representing a codefendant in this matter.  (Affidavit of Benjamin Everson, ¶8)

After contacting the firm of Jordan, Coyne & Savitz, Mr. Everson contacted the law firm of

Wilson Elser, and was informed that they had a potential conflict in this matter. (Affidavit of Benjamin Everson, ¶9) After Wilson Elser advised Mr. Everson they could not handle this matter, Mr. Everson contacted plaintiff's counsel and informed him of his difficulty in obtaining counsel in this matter, and requested an extension of time. (Affidavit of Benjamin Everson, ¶10) The defendant's current counsel was retained in this matter on October 4, 2007, the same day the default was entered. (Affidavit of Benjamin Everson, ¶11) With respect to the action itself, this defendant has been named along with numerous other defendants, and it is alleged that this defendant was a construction manager of the project where the plaintiff was injured. It is not alleged that this defendant created the hazardous condition on which the plaintiff was injured.

It is defendant's position that the default should be vacated in this matter, in that the delay in pleading was not wilful, there is a meritorious defense, and the plaintiff is not prejudiced. Accordingly, the defendant's Motion to Vacate the Default should be GRANTED.

### <u>Argument</u>

Resolving litigation by default is disfavored because of "the strong policies favoring the resolution of genuine disputes on their merits." <u>Jackson v. Beech</u>, 636 F.2d 831, 835 (D.C. Cir. 1980). Thus, entry of default may be set aside "for good cause shown". Fed.R.Civ.P. 55©. In determining whether good cause is shown, courts balance three factors: whether "1) the default was willful, 2) a set-aside would prejudice plaintiff, and 3) the alleged defense was meritorious" <u>Keegel v. Key West & Caribbean Trading Co.</u>, 627 F.2d 372, 373 (D.C. Cir. 1980). In assessing the factual circumstances asserted by the parties, "all doubts are resolved in favor of the party seeking relief." <u>Jackson</u>, 636 F.2d at 836.

In the case at bar, applying the three factors stated above, the default should be vacated.

First, there is no evidence that the default was willful.  From the time the instant action was provided to the defendant's insurance carrier, the defendant's insurance carrier attempted to retain counsel for the defendant but the firms contacted all had conflicts with representing the defendant.  After having difficulty retaining counsel, the defendant's insurance carrier contacted the plaintiff, explained the difficulty, and requested additional time to file a responsive pleading. The undersigned counsel was retained on October 4, 2007, the day the default was entered.

With respect to a meritorious defense, the plaintiff's own complaint points to a meritorious defense on the part of this defendant.  The plaintiff's complaint only alleges that this defendant was a construction manager, and did not affirmatively create the hazardous condition alleged by the plaintiff.  Accordingly, there is a meritorious defense to this action.

With respect to the third factor, prejudice to the plaintiff, there is no prejudice to the plaintiff.  No deadlines have been set in this matter, the case is still in the initial stages, and the plaintiff will suffer no prejudice if the defendant answers in this matter.  Accordingly, applying all three factors, there is good cause for vacating the default in this matter, and the default should be vacated.

## Conclusion

For the reasons stated herein, it is respectfully requested that the defendant's Motion to Vacate the Default be GRANTED.

Respectfully submitted,

_____/s/_____

Sanford A. Friedman, Esq.,
1050 17th Street, N.W. Suite 220,
Washington, D.C. 20036
(202) 331-1060
Counsel for Defendant Gilbane Building Company

3

## CERTIFICATE OF SERVICE

I HEREBY Certify that on this __5th__ day of October, 2007, a copy of the foregoing document was mailed, first class, postage prepaid to the following:

Thomas S. Schaufelberger, Esq.
Saul Ewing, LLP
1025 Thomas Jefferson Street, NW
Suite 425 W
Washington, DC 20007

Jan E. Simonsen, Esq.
Carr Maloney PC
1615 L Street, NW
Suite 500
Washington, DC 20036

Diane M. Sullivan, Esq.
United States Attorney's Office
555 4th Street, NW
Civil Division
Washington, DC 20530

Jason Todd Wasserman, Esq.
Semmes, Bowen & Semmes
250 West Pratt Street
Suite 16
Baltimore, Maryland 21201

Pattrick James Attridge, Esq.
King & Attridge
39 West Montgomery Avenue
Rockville, MD 20850

Harry J. Carleton, Esq.
Law Offices of Roger Mackey
14008 Park East Circle]
Chantilly, VA 20151

David F. Hall, Esq.
David F. Hall & Associates
707 D Street, SE

4

Washington, DC 20003

_____/s/_____
Sanford A. Friedman, Esq.

WOLFGANG KOEHLING                                    :

       Plaintiff,                                    :

v.                                                   : Case No.: 1:07-CV-01152

GILBANE BUILDING COMPANY, ET.AL.

       Defendants

### AFFIDAVIT OF BENJAMIN EVERSON

Benjamin Everson, being duly sworn, depose and says:

1. I have personal knowledge of all matters stated herein.

2. I am a Claim Case Manager for Zurich North America.

3. On August 1, 2007, I received the instant lawsuit in the Philadelphia Claims Office of Zurich North America.

4. On August 3, 2007, the lawsuit was assigned to the firm of Krause, Fizer for defense of this action.

5. On September 17, 2007, unexpectedly, the law firm of Krause Fizer informed me that they had a conflict in handling this action, and could not represent Gilbane Building Company.

6. On September 19, 2007, I contacted the law firm of Tighe, Cotrell, but was informed that they were not admitted in the District of Columbia.

7. After learning that Tighe, Cotrell was not admitted in the District of Columbia, I contacted the firm of Carr Maloney, and was informed that they were already representing a codefendant in this matter.

8. After learning that Carr Maloney could not handle this action, I contacted the firm of Jordan, Coyne & Savits and was informed that they were already representing a codefendant in

this matter.

9.  After contacting the firm of Jordan, Coyne & Savitz, I contacted the law firm of Wilson Elser, and was informed that they had a potential conflict in this matter.

10. After Wilson Elser advised me they could not handle this matter, I contacted plaintiff's counsel and informed him of my difficulty in obtaining counsel in this matter, and requested an extension of time.

11. Our current counsel was retained in this matter on October 4, 2007, the same day the default was entered.

12. I diligently attempted to obtain representation for Gilbane Buidling Company but had considerable difficulty.

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief.

Benjamin Everson



**ZURICH**

DATE:            September 26, 2007

TO:              David Hall

RECIPIENT'S
FAX #:           202 547 9839

FROM:            Benjamin Everson

TELEPHONE #:     (800) 257-8134

**Zurich North America**

**Claims**
P.O. Box 13761
Philadelphia, PA
19104-3761

Telephone (800) 257-8134
Fax (856) 985-2960
http://www.zurichna.com

# OF PAGES INCLUDING THIS COVER SHEET:          (Number)

RE:  Claim #:       9450059315-001
     Insured:       Gilbane Building Co.
     Date of Loss:  07/22/04
     Claimant:      Wolfgang Koehling

**MESSAGE:**    Please allow this to confirm that we are the liability insurance
carrier for the Gilbane defendant in this action. We had initially assigned this
matter out to defense counsel several weeks ago but were just recently advised of
a potential conflict and so are in the process of assigning new counsel. I do not
believe an answer has yet been filed on behalf of our insured and so I am
requesting a 30 day extension of time to answer from this date – if that is
acceptable, please let me know. I would also like to get some additional details
on the case so I have a better feel for our potential exposure.

I thank you in advance for your anticipated courtesy and consideration.

*Benjamin R. Everson*

*********************** **PLEASE NOTE** ***********************
This Telefax/e-mail message and any documents accompanying this transmission may contain
privileged and/or confidential information and is intended solely for the addressee(s) named above. If
you are not the intended addressee/recipient, you are hereby notified that any use of, disclosure,
copying, distribution, or reliance on the contents of this Telefax/e-mail information is strictly prohibited
and may result in legal action against you. Please reply to the sender advising of the error in
transmission and immediately delete/destroy the message and any accompanying documents.
Thank you.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

WOLFGANG KOEHLING                                     :

     Plaintiff,                                            :

v.                                                    : Case No.: 1:07-CV-01152
                                      Judge Royce C. Lamberth

GILBANE BUILDING COMPANY, ET.AL.                      :

     Defendants                                            :

## **ORDER**

UPON CONSIDERATION of the Defendant Gilbane Building Company's Motion to

Vacate the Entry of Default, the opposition thereto,  and for good  cause shown, it is hereby this,

_____ day of _____, 2007,

ORDERED, that the Motion be GRANTED; and it is,

FURTHER ORDERED, default shall be vacated; and it is,

FURTHER ORDERED, that the defendant shall file an answer within ten days of the

date of this order.

_____

JUDGE


Saul Ewing, LLP
1025 Thomas Jefferson Street, NW
Suite 425 W
Washington, DC 20007

Jan E. Simonsen, Esq.
Carr Maloney PC
1615 L Street, NW
Suite 500
Washington, DC 20036

Diane M. Sullivan, Esq.
United States Attorney's Office
555 4th Street, NW
Civil Division

Washington, DC 20530

Jason Todd Wasserman, Esq.
Semmes, Bowen & Semmes
250 West Pratt Street
Suite 16
Baltimore, Maryland 21201

Pattrick James Attridge, Esq.
King & Attridge
39 West Montgomery Avenue
Rockville, MD 20850

Harry J. Carleton, Esq.
Law Offices of Roger Mackey
14008 Park East Circle]
Chantilly, VA 20151

David F. Hall, Esq.
David F. Hall & Associates
707 D Street, SE
Washington, DC 20003

Sanford A. Friedman, Esq.
1050 17th Street, NW
Suite 220
Washington, DC 20036