IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WOLFGANG KOEHLING | : |
|     Plaintiff, | : |
| v. | : Case No.: 1:07-CV-01152 |
| GILBANE BUILDING COMPANY, ET.AL. | |
|     Defendants | |

### DEFENDANT GILBANE BUILDING COMPANY'S ANSWER TO THE COMPLAINT AND CROSS CLAIM

#### First Defense

The Complaint fails to state a cause of action upon which relief can be GRANTED.

#### Second Defense

COMES NOW the defendant, Gilbane Building Company, by and through counsel of record, Law Office of Sanford Friedman, LLC, and in response to the specifically enumerated paragraphs of the Complaint, states as follows:

1. This defendant admits that this is a civil action brought by the plaintiff seeking damages for plaintiff's injuries.  This defendant denies that the plaintiff's injuries were caused by this defendant.

2. This defendant admits that this action is a civil action seeking damages against the defendants.  This defendant denies any negligence as alleged in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint is jurisdictional in nature, and therefore, does not require a response.

4. Paragraph 4 of this Complaint is admitted.

5. This defendant is without knowledge to either admit or deny the allegations of Paragraph 5 of the Complaint.

6. This defendant is without knowledge to either admit or deny the allegations of Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint is admitted.

8. Paragraph 8 of the Complaint is denied as to the allegations against this defendant. This defendant is without knowledge to either admit or deny the remaining allegations of Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint is denied as to the allegations against this defendant. This defendant is without knowledge to either admit or deny the remaining allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint is denied as to the allegations against this defendant. This defendant is without knowledge to either admit or deny the remaining allegations of Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint is denied as to the allegations against this defendant. This defendant is without knowledge to either admit or deny the remaining allegations of Paragraph 11 of the Complaint.

12. This defendant admits it was contracted to provide a range of construction management services. The remaining allegations of Paragraph 12 of the Complaint are denied.

13. Paragraph 13 of the Complaint is denied as to the allegations against this defendant. This defendant is without knowledge to either admit or deny the remaining allegations of Paragraph 13 of the Complaint.

14. This defendant is without knowledge to either admit or deny the allegations of paragraph 14 of the Complaint.

15. This defendant is without knowledge to either admit or deny the allegations of

paragraph 15 of the Complaint.

16. This defendant is without knowledge to either admit or deny the allegations of paragraph 16 of the Complaint.

17. This defendant is without knowledge to either admit or deny the allegations of paragraph 17 of the Complaint.

18. This defendant is without knowledge to either admit or deny the allegations of paragraph 18 of the Complaint.

19. This defendant is without knowledge to either admit or deny the allegations of paragraph 19 of the Complaint.

20. This defendant is without knowledge to either admit or deny the allegations of paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint is denied as to this defendant.

22. This defendant is without knowledge to either admit or deny the allegations of paragraph 22 of the Complaint.

23. This defendant is without knowledge to either admit or deny the allegations of paragraph 23 of the Complaint.

24. This defendant denies any and all allegations of negligence directed to this defendant as alleged in Paragraph 24 of the Complaint. This defendant is without knowledge to either admit or deny the remaining allegations of paragraph 24 of the Complaint.

25. This defendant is without knowledge to either admit or deny the allegations of paragraph 25 of the Complaint.

26. This defendant is without knowledge to either admit or deny the allegations of paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint is denied as to this defendant.

28. Paragraph 28 of the Complaint is denied as to this defendant.

29. Paragraph 29 of the Complaint is denied as to this defendant.

30. This defendant is without knowledge to either admit or deny the allegations contained in Paragraph 30 of the Complaint and demands strict proof thereof.

31. This defendant is without knowledge to either admit or deny the allegations of Paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint is denied.

33. This defendant's responses to Paragraphs 1 through 32 of the Complaint are incorporated by reference herein.

34. Paragraph 34 of the Complaint calls for a legal conclusion, and therefore, does not require a response.

35. Paragraph 35 of the Complaint calls for a legal conclusion, and therefore, does not require a response.

36. Paragraph 36 of the Complaint calls for a legal conclusion, and therefore, does not require a response.

37. Paragraph 37 of the Complaint calls for a legal conclusion, and therefore, does not require a response.

38. Paragraph 38 of the Complaint states allegations not specifically addressed to this defendant, and therefore, does not require a response.

39. Paragraph 39 of the Complaint states allegations not specifically addressed to this defendant, and therefore, does not require a response.

40. Paragraph 40 of the Complaint states allegations not specifically addressed to this

defendant, and therefore, does not require a response.

41. Paragraph 41 of the Complaint is denied as to this defendant.

42. Paragraph 42 of the Complaint calls for a legal conclusion, and therefore, does require a response.

43. Paragraph 43 of the Complaint is denied as to this defendant.

44. Paragraph 44 of the Complaint states allegations not specifically addressed to this defendant, and therefore, does not require a response.

45. Paragraph 45 of the Complaint states allegations not specifically addressed to this defendant, and therefore, does not require a response.

46. Paragraph 46 of the Complaint calls for a legal conclusion, and therefore, does not require a response.

47. Paragraph 47 of the Complaint is denied.

48. Paragraph 48 of the Complaint calls for a legal conclusion, and therefore, does not require a response.

49. Paragraph 49 of the Complaint is denied.

50. Paragraph 50 of the Complaint states allegations not specifically addressed to this defendant, and therefore, does not require a response.

51. Paragraph 51 of the Complaint calls for a legal conclusion, and therefore, does not require a response.

52. Paragraph 52 of the Complaint is denied.

53. Paragraph 53 of the Complaint is denied.

54. Paragraph 54 of the Complaint is denied.

55. Paragraph 55 of the Complaint is denied.

56. Paragraph 56 of the Complaint is denied.

57. Paragraph 57 of the Complaint is denied.

58. This defendant denies any and all allegations of negligence as contained in Paragraph 58 of the Complaint. This defendant is without knowledge to either admit or deny the allegations of damages contained in Paragraph 58 of the Complaint and demands strict proof thereof.

59. Paragraph 59 of the Complaint is denied.

### Third Defense

If the plaintiff sustained damages as alleged, then said damages were the result of plaintiff's sole and/or contributory negligence.

### Fourth Defense

If the plaintiff sustained damages as alleged, he assumed the risk thereof.

### Fifth Defense

Any and all allegations not expressly admitted are heretofore DENIED.

Respectfully submitted,

_____/s/_____
Sanford A. Friedman, Esq., #412405
1050 17th Street, N.W. Suite 220,
Washington, D.C. 20036
(202) 331-1060
Counsel for Defendant Gilbane Building Company

### CROSS CLAIM OF DEFENDANT GILBANE BUILDING COMPANY AGAINST DEFENDANTS UNITED STATES OF AMERICA, JACOBS ENGINEERING GROUP, W.M. SCHLOSSER CO., INC., FLIPPO CONSTRUCTION COMPANY, INC., CENTEX CONSTRUCTION COMPANY, INC. AND RTKL ASSOCIATES, INC.

COMES NOW the defendant, Gilbane Building Company, Inc., by and through counsel of record, Law Office of Sanford Friedman, LLC, and pursuant to Federal Rule of Civil

Procedure 13 hereby files this cross claim against defendants United States of America, Jacobs Engineering Group, W.M. Schlosser Co., Inc., Flippo Construction Company, Inc., Centex Construction Company, Inc. and RTKL Associates, Inc., and as grounds for said cross claim states as follows:

 1. The plaintiff has brought this action against defendants Gilbane Construction Company, United States of America, Jacobs Engineering Group, W.M. Schlosser Co., Inc., Flippo Construction Company, Inc., Centex Construction Company, Inc. and RTKL Associates, Inc., alleging negligence on the part of the defendants as the result of an incident where the plaintiff alleges that on July 22, 2004, while riding his bicycle along the 100 block of Constitution Avenue, NE, Washington, DC, his bicycle entered a saw cut along the road, resulting in personal injuries to the plaintiff.

 2. The defendant Gilbane Building Company has answered the complaint and denied that it was negligent, and has further pled the defenses of contributory negligence and assumption of the risk.

 3. If the plaintiff sustained damages as alleged, then said damages were the result of the sole and/or concurrent, active and/or primary negligence of the defendants United States of America, Jacobs Engineering Group, W.M. Schlosser Co., Inc., Flippo Construction Company, Inc., Centex Construction Company, Inc. and RTKL Associates, Inc., in contrast to the negligence of the defendant Gilbane Building Company, which negligence is denied, which would be passive and/or secondary to that of defendants United States of America, Jacobs Engineering Group, W.M. Schlosser Co., Inc., Flippo Construction Company, Inc., Centex Construction Company, Inc. and RTKL Associates, Inc..

 4. As a proximate result of the sole and/or concurrent, active and/or primary negligence

of the defendants United States of America, Jacobs Engineering Group, W.M. Schlosser Co., Inc., Flippo Construction Company, Inc., Centex Construction Company, Inc. and RTKL Associates, Inc., there exists a duty upon the defendants United States of America, Jacobs Engineering Group, W.M. Schlosser Co., Inc., Flippo Construction Company, Inc., Centex Construction Company, Inc. and RTKL Associates, Inc. to contribute towards and/or indemnify, the defendant Gilbane Building Company, for any and all sums which the defendant Gilbane Building Company for any and all sums which the defendant Gilbane Building Company might be adjudged liable to the plaintiff.

WHEREFORE, defendant Gilbane Building Company hereby demands judgment against the defendants United States of America, Jacobs Engineering Group, W.M. Schlosser Co., Inc., Flippo Construction Company, Inc., Centex Construction Company, Inc. and RTKL Associates, Inc., for contribution and/or indemnity for any and all sums which defendant Gilbane Building Company may be adjudged liable to the plaintiff, plus interest and costs of this lawsuit.

Respectfully submitted,

/s/
Sanford A. Friedman, Esq., #412405
1050 17th Street, N.W. Suite 220,
Washington, D.C. 20036
(202) 331-1060
Counsel for Defendant Gilbane Building Company

**CERTIFICATE OF SERVICE**

I HEREBY Certify that on this  30th  day of October, 2007, a copy of the foregoing document was served electronically on the following:

Thomas S. Schaufelberger, Esq.
Saul Ewing, LLP
1025 Thomas Jefferson Street, NW
Suite 425 W

Washington, DC 20007

Jan E. Simonsen, Esq.
Carr Maloney PC
1615 L Street, NW
Suite 500
Washington, DC 20036

Diane M. Sullivan, Esq.
United States Attorney's Office
555 4th Street, NW
Civil Division
Washington, DC 20530

Jason Todd Wasserman, Esq.
Semmes, Bowen & Semmes
250 West Pratt Street
Suite 16
Baltimore, Maryland 21201

Pattrick James Attridge, Esq.
King & Attridge
39 West Montgomery Avenue
Rockville, MD 20850

Harry J. Carleton, Esq.
Law Offices of Roger Mackey
14008 Park East Circle]
Chantilly, VA 20151

David F. Hall, Esq.
David F. Hall & Associates
707 D Street, SE
Washington, DC 20003

                                                     /s/
                                      Sanford A. Friedman, Esq.