IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| WOLFGANG KOEHLING | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-01152 |
| | ) | Judge: Lamberth, Royce C. |
| UNITED STATES OF AMERICA, *et al.* | ) | Description: PI |
| | ) | |
|    Defendants. | ) | |

<u>COUNSEL'S RULE 16.3 MEET AND CONFER REPORT TO COURT</u>

COME NOW all parties, through their respective Counsel and advise the Court as follows:

A Local Rule 16.3 meeting of Counsel occurred by telephonic conference call at 10:30 a.m. on November 5, 2007. All Counsel participated. All Counsel will submit to the Court for consideration and signature a Confidentiality Order which shall bind all parties in the discovery/trial process in light of the fact that this case may involve sensitive security issues surrounding the United States Capitol and its layout and visitor's center construction.

LCvR 16.3

(c) (1)  Some parties will file dispositive motions. It is unlikely that this case in its entirety will be disposed of by dispositive motion.

(c) (2)  The date for the parties to amend pleadings and/or join parties should be February 15, 2008. Counsel, after further discovery, will work together to narrow factual

and legal issues in this complex construction case, and will in good faith attempt to stipulate to facts where and when appropriate to save the parties costs and expense and to save the Court time and expense.

    (c) (3)  All Counsel are not in agreement that the case be assigned a magistrate for all purposes, including trial.

    (c) (4)  At this time Counsel are unable to determine whether there is a realistic possibility of settling this case.

    (c) (5)  Counsel have different views regarding ADR.  Settlement talks have not occurred to date.  Some Counsel expressed that their clients' insurance carriers would not entertain settlement of this claim until after summary judgment motions are filed and ruled on by the Court.  This position effectively precludes ADR until such time as the Court has ruled on summary judgment motions.  All Counsel are in agreement to participate in ADR after the Court has ruled on summary judgment motions.  Counsel are in general agreement that neutral case evaluation may aid in clarifying the issues in this case, and help assess damages for the purposes of settlement discussions/ADR.  Counsel for the United States of America says that to her knowledge, the United States of America has never engaged in and does not engage in neutral case evaluation.  How, she will, if it is the consensus of other Counsel to participate in neutral case evaluation, speak to authorities regarding the participation of the United States of America in neutral case evaluation.  Some Counsel believe that neutral case evaluation would not be beneficial until after the exchange of contracts, plans, construction drawings, etc., by the parties under the Confidentiality Order that all Counsel anticipate the Court signing, and substantial discovery is completed.

(c) (6)  It is not believed that this case in its entirety will be resolved by summary judgment motion.  The parties agree that the dates for filing dispositive motions should be August 7, 2008; the date for oppositions should be September 8, 2008.  Proposed dates for the Courts decision on such motions is November 8, 2008.

(c) (7)  All Counsel agree to make initial disclosures pursuant to Rule 26(a)(1), F.R.Civ.P. by December 17, 2007.

(c) (8)  All Counsel agree that a Confidentiality Order should be issued by the Court that will control the disclosure of information during this litigation through trial given the sensitive nature of the contracts that are involved with the layout and security of the United States Capitol and its visitor's center. Such an Order has been drafted and will be presented to the Court for consideration.  The parties agree that all discovery, including paper discovery and depositions should be completed by July 7, 2008.  Given the number of Counsel's schedules to coordinate in this case, and the quantity of documents to assemble and review, Counsel realistically believe that discovery will take the time indicated and agreed on by all Counsel.

(c) (9)  The exchange of expert witness reports by the Plaintiff should occur on or before March 30, 2008; and the exchange of Defendants expert witness reports should occur on or before May 15, 2008.  In the event experts are not deposed during the discovery process, Counsel agree that they shall be made available for deposition after the close of discovery.

(c) (10)  Not applicable.

(c) (11)  Counsel agree that if the Defendant United States remains a party to this action a bench trial must be held, and remaining defendants have a right to a jury trial.

(c) (12)  Counsel believe that pre-trial should occur after ADR in this case, and leaves the date to the Court's discretion.

(c) (13)  Counsel agree that a trial date should be set at pre-trial.

                                    Respectfully submitted,


                                    _____/s/_____
                                    David F. Hall – 441229
                                    Attorney for Plaintiff
                                    Submitted jointly on behalf of
                                    All Counsel of Record
                                    707 D St., S.E.
                                    Washington, D.C. 20003
                                    (202) 547-9823

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that a true copy of the foregoing pleading: Counsel's Rule 16.3 Meet and Confer Report to Court will be served as a matter of course on all Counsel of record herein by electronic mail *via* the Court.

                                    _____/s/_____
                                    David F. Hall

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

| | | |
|---|---|---|
| WOLFGANG KOEHLING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-01152 |
| | ) | Judge: Lamberth, Royce C. |
| UNITED STATES OF AMERICA, *et al.* | ) | Description: PI |
| | ) | |
| Defendants. | ) | |

SCHEDULING ORDER

UPON CONSIDERATION of the parties' Rule 16.3 Meet and Confer Report to Court, the Court schedules this case as follows:

1. Rule 26(a)(1) Disclosures; by December 17, 2007.

2. Join Parties and/or Amend Pleadings; by February 15, 2008.

3. Plaintiff's Disclosure of Expert Witness Report(s), Rule 26(a)(2); by March 30, 2008.

4. Defendant's Disclosure of Expert Witness Report(s), Rule 26(a)(2) by May 15, 2008.

5. All Discovery Completed; by July 7, 2008.

6. Expert Witnesses Depositions; During or After Close of Discovery.

7. Dispositive Motions filed; by August 7, 2008.

8. Oppositions to Dispositive Motions filed; by September 8, 2008.

9. Replies to Oppositions: by September 18, 2008.

10. Dispositive Motions decided; by November 18, 2008.

11. Neutral Case Evaluation to be set at the discretion of the Court.

12. ADR Date; Set by the Court after Dispositive Motions Are Decided.

13. Pretrial Date; Set by the Court after ADR.

14. Trial Date; Set by the Court at Pretrial.

 SO ORDERED;

_____
J U D G E