IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

WOLFGANG KOEHLING,                     *

    Plaintiff,                     *

v.                                     *     Case No.: 1:07-CV-01152 RCL

UNITED STATES OF AMERICA, *et al.*,    *

    Defendants.                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**BALFOUR BEATTY CONSTRUCTION, LLC'S, F/K/A CENTEX CONSTRUCTION, LLC., ANSWER TO DEFENDANT GILBANE BUILDING COMPANY'S CROSS-CLAIM AGAINST CENTEX CONSTRUCTION COMPANY, INC.**

Defendant, Balfour Beatty Construction, LLC ("Defendant" or "Balfour Beatty"), f/k/a Centex Construction, LLC , successor-in-interest to Centex Construction Company, Inc., by its undersigned counsel, Jason T. Wasserman and Semmes, Bowen & Semmes, hereby answers Defendant, Gilbane Building Company's ("Gilbane") Cross-Claim Against Centex Construction Company, Inc. and states as follows:

1. Gilbane impermissibly filed a Joined Answer and Cross-Claim. This Cross-Claim was buried behind the Defendant's Answer and was not conspicuously identified.

2. Answering Paragraph 1 of the Cross-Claim, Defendant admits the allegations contained therein.

3. Answering Paragraph 2 of the Cross-Claim, Defendant admits the allegations contained therein.

4. Answering Paragraph 3 of the Cross-Claim, Defendant denies the allegations contained therein.

5. Answering Paragraph 4 of the Cross-Claim, Defendant denies the allegations

contained therein.

Any allegations not previously addressed are hereby denied.

This Defendant reserves the right to assert the following defenses should further investigation or discovery disclose a basis therefore:

### FIRST DEFENSE

The Doctrine Of Assumption Of Risk

### SECOND DEFENSE

The Doctrine Of Contributory Negligence

### THIRD DEFENSE

That the cause of action plead in the Cross-Claim fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

That the Cross-Plaintiff injuries, if any, were caused by the negligence of a person not a party to this suit nor over whom this Defendant exercised any control.

### FIFTH DEFENSE

That the Cross-Plaintiff was not injured to the extent alleged in the Cross-Claim.

### SIXTH DEFENSE

That this Defendant committed no acts of negligence or other violations of the standard of care.

### SEVENTH DEFENSE

Any negligence committed by this Defendant is not a proximate cause of the Plaintiff injuries.

## EIGHTH DEFENSE

The Statute of Limitations.

## NINTH DEFENSE

Lack of Diversity Jurisdiction.

## TENTH DEFENSE

That this Defendant committed no acts of negligence or other violations of law.

## ELEVENTH DEFENSE

The Doctrine of Consent.

## TWELFTH DEFENSE

The Doctrine of Justification.

## THIRTEENTH DEFENSE

The Doctrine of Collateral Estoppel.

## FOURTEENTH DEFENSE

The Doctrine of Res Judicata.

## FIFTEENTH DEFENSE

The Doctrine of Intervening Negligence.

## SIXTEENTH DEFENSE

Plaintiff's alleged damages result from a pre-existing disease process for which this Defendant is not responsible.

## SEVENTEENTH DEFENSE

Failure to meet a condition precedent to recovery.

## EIGHTEENTH DEFENSE

Failure to meet a condition precedent to contract or its beneficiary equivalent.

### NINETEENTH DEFENSE

No Breach of Contract.

### TWENTIETH DEFENSE

Laches.

### TWENTY-FIRST DEFENSE

Lack of personal jurisdiction.

### TWENTY-SECOND DEFENSE

Lack of subject matter jurisdiction

### TWENTY-THIRD DEFENSE

Lack of Notice.

### TWENTY-FOURTH DEFENSE

Plaintiff was trespasser.

### TWENTY-FIFTH DEFENSE

The area was not under this Defendant's care, custody or control.

Defendant denies that any act or omission on its part caused or contributed to the injuries alleged by Plaintiff or Cross-Plaintiff. Defendant denies each and every allegation in the Cross-Claim that is not expressly admitted in this Answer.

Defendant further reserves the right to rely on any other defenses that through further investigation or discovery may become known during the course of this action as well as reserve the right to delete any defenses previously raised herein or amend any responses to allegations made herein should further investigation or discovery demonstrate that there is no basis for such defense or response to such allegation.

**WHEREFORE**, Defendant respectfully requests that the Cross-Claim be dismissed with

prejudice, that costs be assessed and for further relief that this Court deems just.

                              Respectfully submitted,

                              */s/ Jason T. Wasserman*
                              Jason T. Wasserman, (D.C. Bar No. 495771)
                              Semmes, Bowen & Semmes
                              250 W. Pratt Street
                              Baltimore, Maryland 21201
                              (410) 539-5040

                              ***Attorney for Defendant, Balfour Beatty Construction, LLC***

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 19th day of November, 2007, the foregoing was electronically filed and served on the counsel of record:

                              */s/ Jason T. Wasserman*
                              Jason T. Wasserman (D.C. Bar 495771)

B0756613.WPD