**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WOLFGANG KOEHLING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: |
| 07-1152 | | |
| | : | RCL |
| UNITED STATES OF AMERICA, *et al*, | : | |
| | : | |
| Defendants. | : | |

**CONSENT MOTION FOR ENTRY OF PROTECTIVE ORDER
REGARDING DOCUMENTS PRODUCED BY DEFENDANTS**

The Defendant, RTKL Associates, Inc. by and through its attorneys, pursuant to Fed.R.Civ.P. 26(c), and with the **consent** of all parties, moves the Court for the entry of the proposed Protective Order attached hereto, and as grounds therefor states as follows.

The Complaint alleges that the condition of the road surface where Plaintiff was injured arises out of construction activities on or near the grounds of the United States Capitol. The construction documents and related project files for the Capitol area include law enforcement sensitive information. Accordingly, the parties have agreed to treat all such documents with appropriate protection for the confidentiality of this sensitive information.

The parties have entered into the Stipulation regarding documents produced by Defendants (Exhibit 1). The Stipulation includes a request by all parties that the Court approve the Stipulation and enter it as a Protective Order.

Respectfully submitted,

KING & ATTRIDGE

By:    /s/*Patrick James Attridge*
       Patrick James Attridge, Esquire
       Bar No.:  357973
       The Anderson House
       39 West Montgomery Avenue
       Rockville, Maryland  20850
       Tel.:  (301) 279-0780
       Fax:  (301) 279-2988
       *Attorneys for Defendant  RTKL Associates, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that on this 11th day of January, 2008, the foregoing Consent Motion for Protective Order was served via the Court's electronic filing service on all counsel of record.

       /s/ *Patrick James Attridge*
       Patrick James Attridge

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WOLFGANG KOEHLING, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO.:  07-1152 |
| | : | RCL |
| UNITED STATES OF AMERICA, *et al*, | : | |
| | : | |
| Defendants. | : | |

**STIPULATION AND PROTECTIVE ORDER REGARDING
<u>DOCUMENTS PRODUCED BY DEFENDANTS</u>**

By stipulation among counsel for the parties to this action, and pursuant to Fed.R.Civ.P.

26(c), IT IS HEREBY ORDERED, as follows:

1.    When used in this Order:

(a)    "Person" means any natural person, and any legal or business entity;

(b)    "Action" shall mean (i) the litigation commenced by Wolfgang Koehling

against The United States of America, *et al*. in the United States District Court for the District of

Columbia, bearing the Civil Action No.:  07-1152, including any appeal thereof, involving the

United States Capitol Visitor Center (the "Project");  (ii) any other litigation (including appeals)

related to the Project;  and/or (iii) any arbitration, mediation or other legal proceeding (including

actions to enforce and vacate appeals thereof ) related to the Project;

(c)    "Document" shall refer to those items produced by Defendants in this action

generally and specifically shall refer to originals or copies of any written, printed, typed,

recorded or graphic matter whatsoever, however produced or reproduced, of any kind or

description, including, but not limited to, affidavits, certificates, letters, mailgrams,

correspondence, telegrams, memoranda, records, minutes, contracts, agreements, notes, records

or notations of telephone or personal conversations or conferences, photographs, bulletins, circulars, pamphlets, studies, notices, summaries, reports, books, invoices, sales receipts, purchase orders, delivery receipts, work sheets, tape recordings, bookkeeping, accounting and tax records, balance sheets, inventory reconciliations and lists, cancelled checks, check stubs and business and personal checkbooks, electronic versions of any of the foregoing, and all things similar to the foregoing;

       (d)    "Party" or "Parties" shall mean and refer to the signatories to this Order. Party shall include an entity's members, partners, directors, officers, employees, owners, shareholders, agents, and representatives.

       (e)    "Defendant" or "Defendants" shall mean and refer to the signatories to this Order, except for the Plaintiff, Wolfgang Koehling.  Defendant shall include a Defendant's members, partners, directors, officers, employees, owners, shareholders, agents, and representatives.

       (f)    "Attorneys for the Parties" shall mean any member or associate of a law firm or in-house counsel representing any Party to this Order.

       (g)    "Designating Party" shall mean the Party disclosing, furnishing or producing, whether directly or indirectly, "Confidential Information" and which has identified or seeks to identify such information as within the protective provisions of this Order;  and

       (h)    "Confidential Information" shall mean or refer to any documents or other discovery material disclosed, furnished, or produced and any testimony provided in the course of the Action, including, without limitation, any information included in any affidavit, deposition testimony and exhibits, or any filings, or any portion thereof, designated as confidential by a Party.

2.      This Order shall govern all documents or other discovery material disclosed, furnished, or produced by Defendants and any testimony provided in the course of the Action, whether or not by  Defendants, including, without limitation, any information included in any affidavit, deposition testimony and exhibits, or any filings, or any portion thereof.

3.      A Party may designate any documents or other discovery material disclosed, furnished, or produced and any testimony provided in the course of the Action, whether or not by Defendants, including, without limitation, any information included in any affidavit, declaration, deposition testimony and exhibits, or any filings, or any portion thereof, as Confidential Information by typing, stamping or affixing on the face of the document, material, filing, or transcript (in such manner as will not interfere with the legibility thereof) the word "Confidential" either prior to filing or production or subsequent to production but prior to copying.  A Party may also designate a document or other material as Confidential subsequent to production and copying by submitting a copy of the document or material, marked "Confidential," to the Parties accompanied by a written request that the Parties destroy all unmarked copies of the document or material.  In the event of such a request, the Parties shall use reasonable diligence to retrieve and destroy all unmarked copies;  provided, however, that the inadvertent use of an unmarked copy of such a document or material shall not be considered a violation of this Order if the Party using the document has exercised reasonable and good faith diligence to comply with the request.

4.      Confidential Information and any copies thereof, and information obtained from inspecting such Confidential Information and notes made therefrom, shall not be used by any person or for any purpose other than the preparation for and proceedings concerning the Action,

except with prior written consent of counsel for the Designating Party or pursuant to an Order of this Court.

5.    All Confidential Information shall be maintained in confidence and shall not be disclosed to any person except:

(a)    a Court having jurisdiction over an Action, the personnel of such Court, any jury or fact finder for such Court, and such other personnel as may be authorized by such Court;

(b)    any arbitration panel or service administering an Action;

(c)    the Parties, Attorneys for the Parties, and, as to Non-Party Deponents, the attorney for said Deponent;

(d)    legal assistants, stenographic and clerical employees working under the direct supervision of Attorneys for a Party;

(e)    former officers, directors, agents, consultants or employees of a Party from whom testimony is taken or may be taken in an Action, but only to the extent necessary for such testimony, preparation for such testimony or discussion of possible testimony;

(f)    independent experts or consultants retained by a Party for the purposes of an Action, including litigation, arbitration, mediation, settlement or other dispute resolution procedure;

(g)    commercial copying personnel retained by counsel for a Party;

(h)    qualified persons transcribing or recording testimony involving an Action, and necessary stenographic and clerical personnel thereof;

     (i)        any person not employed by a Party or retained by a Party or its counsel from whom testimony is taken or may be taken in an Action, but only to the extent necessary for such testimony, preparation for such testimony or discussion of possible testimony;  and

     (j)        any person to whom a Party is legally, contractually, or statutorily obligated to make disclosure of the Confidential Information, including, but not limited to, a Party's lenders, insurers, reinsurers or auditors;  and

     (k)        Outside litigation support vendors retained by a Party or Attorney for a Party in connection with the preparation for and the trial of an Action.

Any person to whom such disclosure is made shall be bound by the terms of this Order.

    6.    Confidential Information shall not be disclosed to a person described in Paragraph 5(f) or (k) unless and until such person has executed an affidavit or declaration, substantially in the form of Exhibit A to this Order, indicating such person has read the terms of this Order and agrees to be bound hereby.  The respective attorneys for the Parties shall maintain copies of the executed affidavits and declarations.

    7.    Nothing in this Order shall be construed in any way to control or limit the manner in which Confidential Information is disclosed or used by a Party if such Confidential Information was either:

     (a)        existing in the files of that Party prior to the date of this Order or was added to the files in the ordinary course of business;  or

     (b)        received at any time by that Party through means other than discovery, request pursuant to the Public Information Act and/or other proceedings in an Action.

8.    (a)    In the event that Confidential Information is utilized or referred to during depositions or in the event that a question is asked at a deposition of an officer, employee, or representative of  Defendants or any other party calling for Confidential Information, then a Party may request that only persons qualified to receive Confidential Information pursuant to this Order, the deponent, and the reporter shall be present.  In the event that any question is asked at a deposition of an officer, employee or representative of  Defendants or any other party calling for Confidential Information, the Party to this agreement asserting that the question calls for Confidential Information may not object to the witness answering the question solely on the ground that it calls for Confidential Information, provided that those in attendance at the depositions are limited to qualified persons.

(b)    A Party may designate a deposition transcript, deposition exhibit, or any part of a deposition transcript or exhibit as Confidential either (i) at the time of the deposition by making a statement for inclusion in the deposition transcript or (ii) within fifteen (15) days after receipt of the deposition transcript by so notifying counsel for each other Party in writing. During the period between the deposition testimony and the expiration of the above-described fifteen (15) day period, all deposition transcripts and all exhibits marked for identification therein shall be treated as Confidential in the manner provided for in this Order.

(c)    Deposition transcripts that include information or exhibits designated as "Confidential" shall be stamped "Contains Confidential Information" on the title page thereof, and stamped "Confidential" on each transcript page or exhibit as to which confidentiality is claimed.  If filed with the Court, confidential portions of the deposition transcript (including confidential exhibits) shall be filed in a sealed envelope marked with the date(s) of the deposition, the identity of the deponent and the designation "Confidential."

(d)     Those portions of affidavits that are designated as constituting or containing Confidential Information shall be served separately and stamped "Confidential" and, if filed with the Court, shall be filed separately and under seal with the legend "Confidential" marked thereon.

9.     In the event that a Party disagrees with a "Confidential" designation, counsel for the objecting entity shall notify counsel for the Designating Party of such objection and shall submit to counsel for the Designating Party a written statement specifically identifying the Confidential Information that is the subject of the objection and the grounds for the objection.  If the parties are unable to resolve the matter, such Confidential Information shall be kept confidential pursuant to the terms of this Order until the objecting Party obtains an Order of the Court specifically excepting the challenged Confidential Information from confidential treatment.  The failure to contest a claim of confidentiality shall not constitute or be construed as an admission that documents or information designated by any Party as Confidential Information are properly so classified.

10.     If, in connection with any motion, hearing or other proceeding before the Court, any Party intends to file a brief, memorandum, affidavit or other paper or any documents, exhibits or other materials that reveal Confidential Information, the materials filed with the Court shall be submitted under seal in an envelope marked "Confidential."  Such materials, including the copies filed with the Court and served upon other Parties, shall bear upon their face the designation "Confidential."

11.     Subject to compliance with its terms, nothing in this Order shall otherwise be construed to bar or limit the right of any Party to Use any Confidential Information covered by

this Order in a deposition, motion, negotiation, mediation or at any hearing, trial or other legal proceeding in an Action described in this Order.

12.    Within sixty (60) days following final termination of this Action, all materials designated as constituting or containing Confidential Information and any copies, duplicates, notes, abstracts or summaries thereof, shall be returned to the Party that produced such documents and Confidential Information or destroyed.  Attorneys for Parties, however, may retain pleadings, exhibits, legal memoranda, and other documents containing Confidential Information if such documents would have been retained in the ordinary course, provided that the Confidential Information retained therein will remain subject to the terms of this Order.  All affidavits and declarations executed pursuant to Paragraph 6 hereof shall be retained for one year after final termination of this Action.

13.    Upon final termination of this action, the provisions of this Order shall continue to be binding, except with respect to documents and information that have become a matter of public record.  This Court retains jurisdiction over the Parties and any other persons or entities that had access to Confidential Information for enforcement of the provisions of this Order following final termination of this action.

14.    Nothing in this Order shall be construed as a waiver by any Party of the right to object to the subject matter of any request for discovery in this action.  The execution of this Order shall not be construed as an agreement by any Party to produce any documents or provide any information and shall not constitute an admission by any Party that any documents or information that may exist are relevant in any way to the issues raised in this action;  nor shall the execution of this Order be construed as a waiver by any Party of any privilege or immunity

with respect to any document or information.  All Parties specifically reserve the right to seek such further protective orders from this Court, as they deem necessary.

15.     If any Party or person to whom Confidential Information is disclosed is subpoenaed or otherwise compelled by search warrant, other legal process to produce Confidential Information, that Party or person shall give hand-delivered or facsimile notice of the subpoena, other legal process or Request (including delivery of a copy thereof) within forty-eight (48) hours after its receipt to all Parties, so that a protective order or other appropriate relief may be obtained.  Unless a court orders otherwise, the Party or person receiving a subpoena, other legal process or Request shall allow another forty-eight (48) hours, at a minimum and after the other Parties have received notice of the subpoena, other legal process or Request, before disclosing any Confidential Information.  If the subpoena, other legal process or Request requires a response in fewer that ninety-six (96) hours, the Party or person receiving it shall take all reasonable steps to provide immediate notice to all Parties by facsimile and telephone at such numbers listed in the endorsements.  Where not feasible to provide such notice, the Party or persons receiving it shall promptly report to the Parties the events and whether the documents have been produced and, if so, to whom.  Any Party or person producing Confidential Information pursuant to subpoena, other legal process or Request shall make reasonable efforts to seek confidential treatment for the Confidential Information by the person or entity receiving it.

16.    At the pretrial conference in this case, the Court shall address the issue of Confidential Information that may be disclosed at trial.

ENTERED this _____ day of _____, 2008;


_____
United States District Judge

STIPULATED AND AGREED TO BY:


_/s/ David F. Hall_____

David F. Hall, Esquire
DAVID F. HALL & ASSOCIATES
707 'D' Street, SE
Washington, D.C. 20003
(202) 547-9823
*Attorney for Wolfgang Koehling*


_/s/ Thomas S. Schaufelberger_____

Thomas S. Schaufelberger, Esquire
Saul Ewing LLP
1025 Thomas Jefferson Street, NW
Suite 425-W
Washington, D.C. 20007-5209
(202) 295-6609
*Attorney for Jacobs Engineering Group, Inc.*


_/s/ Jan E. Simonsen_____

Jan E. Simonsen, Esquire
CARR MALONEY PC
1615 'L' Street, NW
Suite 500
Washington, D.C. 20036
(202) 310-5522
*Attorney for Flippo Construction Company, Inc.*


_/s/ Patrick James Attridge_____

Patrick James Attridge, Esq.
King & Attridge
39 West Montgomery Avenue
Rockville, Md. 20850
(301) 279-0780
*Attorney for RTKL Associates, Inc.*


_/s/ Dianne M. Sullivan_____

Dianne M. Sullivan, Esquire
UNITED STATES ATTORNEY'S OFFICE
555 4TH Street, NW
Civil Division
Washington, D.C. 20530
(202) 514-7205
*Attorney for United States of America*


_/s/ Harry J. Carleton_____

Harry J. Carleton, Esquire
LAW OFFICES OF ROGER MACKEY
14008 Park East Circle
Chantilly, Virginia 20151
(703) 818-6943
*Attorney for W.M. Scholsser, Co., Inc.*


_/s/ Jason Todd Wasserman_____

Jason Todd Wasserman, Esquire
SEMMES, BOWEN & SEMMES
250 West Pratt Street
Suite 16
Baltimore, Maryland 21201
(410) 576-4890
*Attorney for Balfour Beatty, LLC, formerly known as Centex Construction Company, Inc.*


_/s/ Sanford A. Friedman_____

Sanford A. Friedman, Esq.
SANFORD FRIEDMAN, LLC
1050 17th Street, NW
Suite 220
Washington, DC 20036-5545
(202) 331-1060
*Attorney for Gilbane Building Company*

## EXHIBIT A

### ACKNOWLEDGEMENT OF RECEIPT OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND THEREBY

I HEREBY acknowledge receipt of, and that I have read, a copy of the Stipulation and Protective Order Regarding Documents Produced by Defendants (the "Order"), in the action entitled Wolfgang Koehling v. United States of America, *et al*., Civil Action No.:  07-1152, pending in the United States District Court for the District of Columbia (the "Court").  I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof.  I agree that, if I receive any Confidential Information, I will not make any copies thereof or disclose such information, except as permitted by the Order. I further understand that, if I fail to comply with the terms of the Order, I may be subjected to sanctions by the Court, and I hereby consent to personal jurisdiction in the Court with respect to any matter relating to or arising out of the Order.

Executed this _____ day of _____, _____.


_____
Name


_____
Signature


_____
Employer


_____
Employer Address


_____
Employer Telephone Number

12