**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Wolfgang Koehling, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-001152-RCL |
| | ) | |
| United States of America, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

<u>CONSENT MOTION TO FILE PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

COMES NOW, the undersigned Counsel for Plaintiff and moves the Court

pursuant to Rule 15 of the Federal Rules of Civil Procedure and the Scheduling Order of

this case to allow the filing of the attached Plaintiff's First Amended Complaint.

Plaintiff's First Amended Complaint is filed for the purpose of correcting the misnomer

of Defendant, Jacobs Engineering Group, Inc. to Jacobs Facilities, Inc., a Subsidiary of

Jacobs Engineering Group, Inc.

The undersigned Counsel for Jacobs Engineering Group, Inc. and for Jacobs

Facilities, Inc., a Subsidiary of Jacobs Engineering Group, Inc. consents to this Motion,

as indicated by his electronic signature below.

WHEREFORE, Counsel for Plaintiff requests that the accompanying Plaintiff's

First Amended Complaint be filed.

Respectfully submitted,

_____/s/_____
David F. Hall, D.C. 441229
Attorney for Plaintiff
707 D St., S.E.
Washington, D.C. 20003
(202) 547-9823
FAX: (202) 547-9839

_____/s/_____

Thomas S. Schaufelberger, D.C. 371943
SAUL EWING LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, D.C. 20037
(202) 295-6609
FAX: (202) 295-6709

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

1.    Federal Rule of Civil Procedure 15.
2.    The Record herein.
3.    Plaintiff's First Amended Complaint accompanying this Motion.
4.    Proposed Order.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Consent Motion to File Plaintiff's First Amended Complaint will be served as a matter of course on all Counsel of Record herein by electronic mail via the Court.

_____/s/_____

David F. Hall

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>WOLFGANG KOEHLING</td><td>)</td><td></td></tr>
<tr><td>911 North Carolina Avenue, SE</td><td>)</td><td></td></tr>
<tr><td>Apt. B</td><td>)</td><td></td></tr>
<tr><td>Washington, D.C. 20003</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Case No. 1:07-cv-01152</td></tr>
<tr><td></td><td>)</td><td>Judge: Lamberth, Royce C.</td></tr>
<tr><td>UNITED STATES OF AMERICA</td><td>)</td><td>Assign Date: 06/27/07</td></tr>
<tr><td>Serve: Alberto R. Gonzales</td><td>)</td><td>Description: PI/Malpractice</td></tr>
<tr><td>United States Attorney General</td><td>)</td><td></td></tr>
<tr><td>U.S. Department of Justice</td><td>)</td><td></td></tr>
<tr><td>Room 4400</td><td>)</td><td></td></tr>
<tr><td>950 Pennsylvania Ave., NW</td><td>)</td><td></td></tr>
<tr><td>Washington, D.C. 20530-0001</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Rudy Contreras, Chief</td><td>)</td><td></td></tr>
<tr><td>United States Attorney for the</td><td>)</td><td></td></tr>
<tr><td>  District of Columbia,</td><td>)</td><td></td></tr>
<tr><td>  Civil Division</td><td>)</td><td></td></tr>
<tr><td>United States Attorney's Office</td><td>)</td><td></td></tr>
<tr><td>501 3rd Street, NW</td><td>)</td><td></td></tr>
<tr><td>Washington, D.C. 20530</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Peter M. Kushner</td><td>)</td><td></td></tr>
<tr><td>Office of the General Counsel</td><td>)</td><td></td></tr>
<tr><td>Architect of the Capitol</td><td>)</td><td></td></tr>
<tr><td>Ford House Office Building</td><td>)</td><td></td></tr>
<tr><td>Room 265A</td><td>)</td><td></td></tr>
<tr><td>2nd and D Street, SW</td><td>)</td><td></td></tr>
<tr><td>Washington, D.C. 20515</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>- and -</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>JACOBS FACILITIES, INC., a SUBSIDIARY OF</td><td>)</td><td></td></tr>
<tr><td>JACOBS ENGINEERING GROUP, INC.</td><td>)</td><td></td></tr>
<tr><td>1100 North Glebe Road, Suite 500</td><td>)</td><td></td></tr>
<tr><td>Arlington, Virginia 22201</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Serve: CT Corporation System</td><td>)</td><td></td></tr>
<tr><td>1015 15th St., NW</td><td>)</td><td></td></tr>
<tr><td>Suite 1000</td><td>)</td><td></td></tr>
<tr><td>Washington, D.C. 20005</td><td>)</td><td></td></tr>
</table>

|  | ) |
| - and - | ) |
|  | ) |
| W.M. SCHLOSSER, CO., INC. | ) |
| 2400 51st Place | ) |
| Hyattsville, MD 20781 | ) |
|  | ) |
| *Serve*: CT Corporation System | ) |
| 1015 15th St., NW | ) |
| Suite 1000 | ) |
| Washington, D.C. 20005 | ) |
|  | ) |
| - and - | ) |
|  | ) |
| FLIPPO CONSTRUCTION COMPANY, INC. | ) |
| 3820 Penn Belt Place | ) |
| Forestville, MD 20747 | ) |
|  | ) |
| *Serve:* C T Corporation System | ) |
| 1015 15th Street, N.W., Ste. 1000 | ) |
| Washington, D.C. 20005 | ) |
|  | ) |
| -and- | ) |
|  | ) |
| CENTEX CONSTRUCTION COMPANY, INC. | ) |
| Now Known as Balfour Beatty Construction, its | ) |
| Successor in Interest | ) |
| 3100 McKinon Street | ) |
| 7th Floor | ) |
| Dallas, TX 75201 | ) |
|  | ) |
| *Serve:* D.C. Superintendent of Corporations | ) |
| Corporations Division Business | ) |
| Center | ) |
| Room 1100 | ) |
| 941 North Capitol St., NE | ) |
| Washington, D.C. 20002 | ) |
|  | ) |
| -and- | ) |
|  | ) |
| GILBANE BUILDING COMPANY | ) |
| A part of GILBANE INC. | ) |
| 7 Jackson Walkway | ) |
| Providence, RI 02903 | ) |

*Serve:* CT Corporation System        )
1015 15th Street, NW                  )
Suite 1000                              )
Washington, D.C. 20005                  )
                                        )
-and-                                   )
                                        )
RTKL ASSOCIATES, INC.                   )
Aka RTKL D.C. ASSOCIATES, P.C.          )
901 S. Bond Street                      )
Baltimore, MD 21231 *and*               )
1250 Connecticut Avenue, NW             )
Suite 400                               )
Washington, D.C. 20036                  )
                                        )
*Serve:* Corporation Service Company    )
         1090 Vermont Ave., N.W.        )
         Washington, D.C. 20005         )
                                        )
Defendants.                             )

## FIRST AMENDED COMPLAINT

(Negligence)

## INTRODUCTION

1.      This is a civil action brought pursuant to 28 U.S.C. Sections 1346, 1367, 2671 *et seq.* seeking damages for Plaintiff's injuries caused by the negligence of the Defendants.

2.      In addition, it is a civil action seeking damages against the Defendants for acts of negligence under common law.

3

## JURISDICTION

3.     Jurisdiction exists in this case pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 1346(b).  Plaintiff further invokes the supplemental jurisdiction of this court to adjudicate pendent claims arising under the laws of the District of Columbia pursuant to 28 U.S.C. Section 1367.

4.     Venue of this court is proper as the incident occurred in the District of Columbia.

5.     Defendant United States of America has been given notice of this claim pursuant to 28 U.S.C. Section 2675, on or about July 11, 2006 with the filing of Plaintiff's Standard Form 95 to the Architect of the Capitol.  Defendant United States of America denied this claim January 12, 2007.

## PARTIES

6.     Plaintiff, Wolfgang Koehling is a citizen of Germany, currently residing in the District of Columbia at the above captioned address.  He is here legally on a work visa and employed by the World Bank.

7.     The Architect of the Capitol is the agency of Defendant United States responsible for the construction work being performed in the 100 block of Constitution Avenue, N.E. between 1st and 2nd Streets, North East Washington, D.C. under the Constitution Avenue Utility Relocation Perimeter Security Project.  At all times of the incident the United States through its agency the Architect of the Capitol had supervisory and management authority, and overall responsibility for and over said construction and had the authority to open, close, and detour roads including the 100 block of Constitution Avenue, N.E. to vehicular, bicycle, and pedestrian traffic.  At all times of the incident the

Defendant United States had ownership, jurisdiction and control of the 100 block of
Constitution, N.E., Washington, D.C.

8.      Defendant Jacobs Facilities, Inc. ("JF") is a corporation, and on
information and belief a subsidiary or wholly owned subsidiary of Jacobs Engineering
Group, Inc.  At all times of the incident which gave rise to this action, Defendant JF was
retained or contracted by Defendant United States and/or Defendants Centex
Construction Company Inc., ("CCC") and/or Gilbane Building Company, ("GBC"),
and/or RTKL Associates, Inc. ("RTKL") or another Defendant or agent/contractor of the
Defendant United States to work on, oversee, and provide daily engineering oversight,
including safety oversight and management, of the construction occurring in the 100
block of Constitution Avenue, N.E., Washington, D.C. At all times relevant herein, this
Defendant was acting within the course and scope of its agency for Defendants United
States, its agencies, contractors, corporations, officers, or employees, including but not
limited to Defendants CCC and GBC and Jacobs Engineering Group, Inc. At all times
material hereto JF was acting under the control, guidance, and supervision of Jacobs
Engineering Group, Inc.

9.      Defendant W.M. Schlosser Co., Inc. ("WMS") is a corporation. At all
times of the incident which gave rise to this action, Defendant WMS was retained or
contracted by the United States by its agency the Architect of the Capitol, and/or
Defendant CCC, and/or Defendant GBC, or RTKL, or another named Defendant or
agent/contractor of the Defendant United States to carry out, supervise and monitor
construction in the 100 block of Constitution Avenue, N.E., Washington, D.C. At all
times relevant herein, this Defendant was acting within the course and scope of its agency

5

for Defendant United States, its agencies, corporations, contractors, officers, or employees, including but not limited to Defendants CCC, and/or GBC.

10.    Defendant Flippo Construction Company, Inc. ("Flippo") is a corporation. At all times of the incident which gave rise to this action, Defendant Flippo was retained or contracted by Defendant United States through its agency the Architect of the Capitol and/or Defendants CCC and/or GBC, RTKL, or another Defendant or agent/contractor of the Defendant United States to work on the construction occurring in the 100 block of Constitution Avenue, N.E., Washington, D.C. At all times relevant herein, this Defendant was acting within the course and scope of its agency for Defendant United States, its agencies, corporations, contractors, officers, or employees, including but not limited to Defendants CCC, and/or GBC.

11.    Defendant Centex Construction Company, Inc., Now Known as Balfour Beatty Construction Company, Inc., ("CCC") is a Nevada Corporation.  At all times of the incident which gave rise to this action, CCC was contracted or retained by Defendant United States, through its agency, the Architect of the Capitol, and/or Gilbane Building Company, who was hired by Defendant the United States and its agency to manage the construction of the Capitol Visitors Center at the U.S. Capitol Building, and/or RTKL Associates, Inc. ("RTKL") or another agent contractor of the Defendant United States. At all times of the incident which gave rise to this action, Defendant CCC's contract involved construction management, site demolition, excavation, and installation of site utilities,  including on information and belief, the excavation being conducted by Defendant WMS, and the utilities being installed by Defendants Flippo and/or JF.  At all times relevant herein, this Defendant was acting within the course and scope of its agency

6

for Defendant United States, its agencies, corporations, officers, contractors, or

employees, including but not limited to Defendant GBC.

      12.     Defendant Gilbane Building Company, ("GBC") was contracted and

retained by Defendant United States through its agency, the Architect of the Capitol, or

Defendant RTKL, or another named Defendant to provide a range of construction

management services in support of the Defendant United States' agency the Architect of

the Capitol construction management of the Capitol Visitors Center at the U.S. Capitol,

including coordinating activities of major construction contractors, including the other

named Defendants, and monitoring, supervising, and/or overseeing work safety for the

benefit of the public including the Plaintiff. At all times relevant herein, this Defendant

was acting within the course and scope of its agency for Defendant United States, its

agencies, corporations, contractors, officers, or employees.

      13.     Defendant RTKL Associates, Inc. Aka RTKL D.C. Associates, P.C.

("RTKL") is a corporation. At all times of the incident which gave rise to this action,

Defendant RTKL was retained by the Defendant United States, its agencies, corporations,

contractors, officers, employees, including but not limited to Defendant Gilbane or

Defendant CCC to work on the design of the Capitol Visitors Center at the U.S. Capitol

Building.  Its responsibilities included but were not limited to design of the new Capitol

Visitors Center, including architectural plans, contract, and drawings.

## STATEMENT OF FACTS

      14.     On or about July 22, 2004 the Plaintiff was riding his bike along the 100

block of Constitution Avenue, N.E. in an easterly direction.  As he was riding with traffic

at approximately the posted speed limit, without warning, the front tire of his bicycle

dropped into a saw cut in the road up to the forks of the bicycle. This sudden drop brought Plaintiff's bike to an abrupt stop and threw the Plaintiff over the handlebars face first on the asphalt roadway.

15.     The saw cut in the 100 block of Constitution Avenue, N.E., which ran parallel with the road was cut by Defendant Flippo.

16.     Defendant Flippo had been instructed per contract and drawings provided by the Defendant United States, its agencies, officers, corporations, contractors or employees, and/or Defendant JF or Defendant RTKL Associates, Inc., the agent/contractor of Defendant United States agency, the Architect of the Capitol where to layout and saw cut in the 100 block of Constitution Avenue, N.E. for the installation of water main.

17.     Defendant Flippo abandoned its saw cut in the 100 block of Constitution Avenue, N.E., although the saw cut was completed, because the drawings and contract instructions did not disclose preexisting obstructions that included manholes and conduit duct bank. The abandoned saw cut made by Defendant Flippo in the 100 block of Constitution Avenue, N.E. for the completion of contract work was not filled by Defendant Flippo, when asked to do so before Plaintiff's crash.

18.     Defendant Flippo not only refused to fill the saw cut it made, but it also failed to erect barricades, warning signs, or other protective devices in conformance with the Manual on Uniform Traffic Control Devices for Streets and Highways and 616 Traffic Control of these specifications for the protection of cyclists, including the Plaintiff.

19.     On information and belief, Defendant WMS was conducting deep excavation adjacent to the location of the saw cut (road cut) by Defendant Flippo, in the 100 block of Constitution Avenue, N.E.

20.     The road cut by Defendant Flippo was either cut wide enough to allow the front tire of the Plaintiff's bicycle to fall into the cut, and/or the cut was widened over time by the deep excavation being conducted by Defendant WMS adjacent to the cut thus contributing to the dangerous condition of the open road cut for bicycle traffic (including the Plaintiff) in the 100 block of Constitution Avenue, N.E.

21.     The Defendant United States, its agencies, corporations, contractors, officers, agents, or employees, and all the other named Defendants, knew or with reasonable inspection and/or required inspection should have known of the width and depth of the road cut in the 100 block of Constitution Avenue, N.E., and the danger its concealment presented to bicyclists, including the Plaintiff, Wolfgang Koehling.

22.     Although the Defendant Flippo was made aware of the danger and hazard of its road cut to bicyclists, including the Plaintiff Wolfgang Koehling traveling in the 100 block of Constitution Avenue, N.E., Defendant Flippo refused to abate and did not warn the Plaintiff and others riding bicycles in the 100 block of Constitution Avenue, N.E. of the danger and hazard of its road cut.

23.     On learning of the danger and hazard of the road cut in the 100 block of Constitution Avenue, N.E. prior to the crash of the Plaintiff, and after being told by Defendant Flippo that it would not repair the cut to abate this danger to bicyclists, including the Plaintiff, the Defendant United States, its agencies, corporations, contractors, officers, or employees, including Defendants JF or Defendant, WMS, or

Defendant Flippo attempted to conceal or repair the road cut in the roadway by superficially (on the surface only) filling the road cut with a non-load bearing foam-like strip, that did not comply with the laws, rules, regulations, and construction codes and standards regarding the safe, correct, and timely repair of road cuts and cracks in the road surfaces, including those road surfaces in the District of Columbia.

24.    The actions stated in Paragraph 23 of Defendant United States, its agencies, corporations, contractors, officers or employees, including Defendants JF or Defendant, WMS, or Flippo or other Defendants their agents, sub-contractors, and employees served to only conceal the width, depth and danger of the road cut from the Plaintiff and other cyclists riding in the 100 block of Constitution Avenue, N.E., thereby creating a hidden and latently dangerous hazard, which could not be detected by or safely crossed by the reasonable bicyclists, including the Plaintiff, Wolfgang Koehling.

25.    Defendant United States, its agencies, officers, corporations, contractors, agents, or employees, including Defendants Flippo, WMS, JF, CCC, and GBC never attempted to warn the Plaintiff of the danger and hazard of the road cut in the 100 block of Constitution Avenue, N.E.

26.    When Plaintiff's bicycle wheel rolled over the superficially and negligently concealed road cut, it immediately and violently dropped deeply into the road cut causing Plaintiff's crash and injuries as alleged.

27.    Standards, guidelines, laws, regulations, and construction and safety codes required the road cut in the 100 block of Constitution Avenue, N.E. be timely filled and made safe for traffic, including cyclists, and the Plaintiff. The Defendant United States, its agencies, corporations, officers, contractors, agents, or employees, including all

10

Defendants failed to timely fill the road cut in compliance with these standards, guidelines, laws, regulations, and construction safety codes, and failed to act reasonably and safely under the circumstances.

28.     By standards, guidelines, laws, and regulations, and construction and safety codes the United States and its agency, the Architect of the Capitol, and/or the other Defendants named herein were charged with the duty and responsibility for the opening, closing, and re-routing bicycle traffic in the 100 block of Constitution Avenue, N.E., for the safety of the public and cyclists, including the Plaintiff.  This duty and responsibility existed and should have been, but was not exercised during the time the road cut in the 100 block of Constitution Avenue existed and was concealed. Cyclists, including the Plaintiff were not re-routed, but allowed to cycle over the dangerously concealed road cut.

29.     The Defendants named in paragraph 28 failed to re-route cyclists while the road cut created a danger and hazard, and/or failed to close the 100 block of Constitution Avenue, N.E. to cyclists, including the Plaintiff until the road cut was abated and the road safe for cyclists, including the Plaintiff.

30.     As a direct and proximate result of the incident and blunt force trauma, Plaintiff suffered severe, permanent bodily injuries and shock to his nervous system which have caused, and will continue to cause, physical and mental pain and suffering for the rest of his life.  Plaintiff has incurred, and will continue to incur, medical and related economic costs and expense.  Plaintiff incurred other economic and property damage loss.

31.     At all times material hereto, the Plaintiff was traveling at or below the posted speed limit on the 100 block of Constitution Avenue, N.E., with the flow of traffic, and was obeying all traffic laws, rules, and regulations, of the District of Columbia.  The Plaintiff neither contributed to nor assumed the risk of his aforesaid injuries.

32.     At all times material hereto, the Defendants knew or should have known of the existence of the abandoned road cut in the 100 block of Constitution Avenue, N.E., knew or should have know of its negligent concealment, and that the road cut and its concealment posed a danger to cyclists, including the Plaintiff.

## COUNT ONE
### (Negligence)

33.     Plaintiff incorporates by reference paragraphs 1 – 32 and fully sets forth the paragraphs herein.

34.     At all times material herein, Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, agents, or employees, Defendant JF, Defendant WMS,  Defendant Flippo, Defendant CCC, Defendant GBC, and Defendant RTKL owed Plaintiff a duty to make required and/or reasonable inspections for the dangerous road cut, an a duty to abate and/or warn the Plaintiff, Wolfgang Koehling and other bicyclists of the danger and hazard of the road cut and/or widening of the cut in the 100 block of Constitution Avenue, N.E., for the safety of the Plaintiff and the public.

35.     At all times material herein, all Defendants owed Plaintiff a duty of care to manage their construction contracts and projects in a safe, workmanlike way in

compliance with standards of reasonableness and/or in compliance with the laws, rules, regulations, construction codes and standards and safety standards then in force.

36.    Pursuant to the Manual on Uniform Traffic Control Devices for Streets and Highways and 616 Traffic Control Defendants owed Plaintiff a duty to notify the Neighborhood Infrastructure Maintenance Office emergency number and fax emergency notification of the abandoned road cut, including its location and size, and the nature of the work being done. Defendants were required to apply for a permit and promptly and safely repair the road cut, for the safety of the Plaintiff and other cyclists, and submit a fax update of their daily work status to said office for the safety of the Plaintiff and public.

37.    All Defendants, owed Plaintiff a duty of care to mange, oversee, and/or supervise contractors, sub-contractors, employees, agents, and construction contracts and work to ensure the safety of the Plaintiff and the public from injury.

38.    Defendant CCC owed Plaintiff a duty of care to manage its construction contract, contractors, sub-contractors, employees, and agents, in accordance with accepted construction standards, practices, laws, rules, regulations, and codes for the safety of the Plaintiff and the public.

39.    Defendants JF, WMS, and Flippo owed Plaintiff a duty of care to manage their construction contracts, sub-contractors, employees, and agents, in accordance with accepted construction standards, practices, laws, rules, regulations, and codes for the safety of the Plaintiff and public.

40.    Defendant RTKL, and/or Defendant JF, and Defendant United States owed Plaintiff a duty of care to inspect and verify the construction documents, plans, and

drawings provided Defendant Flippo and on which Defendant Flippo relied in making its

saw cut in the 100 block of Constitution Avenue, N.E., to ensure their accuracy for the

safety of the Plaintiff and the public, and a duty to warn the Plaintiff and public of the

unsafe saw cut in the 100 block of Constitution Avenue, N.E.

41.     Notwithstanding said duties, the Defendant United States, Defendant JF,

Defendant WMS, Defendant Flippo, Defendant CCC, Defendant GBC, and Defendant

RTKL individually, collectively, and/or through their agencies, employees, officers,

corporation, contractors, subcontractors, and/or agents failed to manage safely their

construction contracts to comply with the accepted construction standards, practices,

laws, rules, regulations, and construction codes and failed to warn the Plaintiff of or

remedy the dangerous condition (abate the road cut) which proximately caused Plaintiff's

injuries alleged herein.

42.     At all times material herein, the Defendant United States and its agencies,

corporations, officers, and employees and the other Defendants named herein owed the

Plaintiff a duty to keep the 100 block of Constitution Avenue, N.E. closed fully or

partially to cyclist, or to divert cyclists, including the Plaintiff while the road cut was

open and dangerous and until it was safe for cyclists, including the Plaintiff to pass.

43.     Not withstanding said duty, the Defendant United States its agencies,

officers, corporations, contractors, sub-contractors, or employees and the other

Defendants named herein failed to keep the 100 block of Constitution Avenue N.E.

partially or fully closed, or to divert cyclists, including the Plaintiff until the road cut was

repaired and it was safe to pass.

14

44.     At all times material herein, the Defendant CCC, and its agent and/or subcontractor, Defendant WMS, its officers, agents, and employees owed Plaintiff a duty to conduct safe excavation in the 100 block of Constitution Avenue, N.E. that would not widen the existing road cut and contribute to the existing hazard, and danger to cyclists, including the Plaintiff.

45.     Notwithstanding this duty Defendant CCC and Defendant WMS, their officers, agents, employees, and sub-contractors conducted excavation that on information and belief contributed to or caused the widening of the road cut and the hazard and danger to cyclists, including the Plaintiff.

46.     Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, or employees and agents, Defendant CCC, Defendant GBC, and Defendant RTKL owed Plaintiff a duty to manage the construction contract and manage, oversee, and supervise the excavation being done by Defendant WMS, its employees, and agents, for the safety of the public, including the Plaintiff and other cyclists.

47.     Notwithstanding said duty, the Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, or employees and agents, Defendant CCC, Defendant GBC, and Defendant RTKL, Defendant JF, and WMS, and Flippo failed to properly manage, supervise, and oversee the construction contract, construction, and excavation being done by Defendant WMS, its employees, agents, and sub-contractors in the 100 block of Constitution Avenue, NE, for the safety of the public and the Plaintiff.

48.     At all times material herein, the Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, agents, and employees, including all other named Defendants had a duty to make reasonable, required, and safe abatements to

15

the existing hazard and danger of the road cut as a part of their contract management, construction oversight, and supervision of the ongoing construction and excavation in the 100 block of Constitution Avenue, NE. and otherwise.

49.     Notwithstanding said duty, the Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, or employees and agents, and Defendant JF and or Defendants WMS or Flippo, or another contractor or employee of another named Defendant carelessly and negligently concealed the danger and hazard of the road cut in the 100 block of Constitution Avenue, N.E. by superficially filling (on the surface only) the road cut with a non-load bearing foam-like strip in violation of the rules, regulations, code, and laws and standards of road and construction safety, that hid the danger and hazard of the width and depth of the road cut from cyclists, including the Plaintiff.  Although these Defendants knew or with reasonable and/or required inspection would and should have known of the concealed danger, they did not warn the Plaintiff or the public of the hidden danger.

50.     Notwithstanding said duty, the Defendant Flippo, refused to take any action to fill, abate, and make safe its own road cut, and failed to take any action to warn cyclist, including the Plaintiff of the known danger.  Defendant Flippo failed to repair, restore, and make good the abandoned road cut it created, in violation of standard contract management and the rules, regulations, laws, codes, and standards of construction.

51.     At all times material herein, Defendant CCC, Defendant GBC, Defendant RTKL, and Defendant United States, its agencies, officers, corporations, agents, contractors, sub-contractors, and employees, including Defendant JF owed a duty to

cyclists, including the Plaintiff, to provide Defendant Flippo with standard and professional contract management, construction oversight and management, and accurate contract instructions and architectural drawings and plans that would disclose pre-existing obstructions that included manholes and conduit duct bank so that the necessary road cut could be safely located and placed,

52.     Notwithstanding said duty, the Defendant United States, its agencies, officers, corporations, contractors, sub-contractors, or employees and agents, including Defendants, GBC, CCC, JF, and RTKL provided inaccurate contract instructions and architectural drawings, and substandard contract management and construction oversight and supervision that caused Defendant Flippo to negligently locate the road cut along the middle of Constitution Avenue, N.E., and then abandon the danger and hazard (i.e. the road cut) in the 100 block of Constitution Avenue, N.E. in an unsafe state of disrepair.

53.     Defendant CCC, Defendant GBC, Defendant JF, Defendant WMS, Defendant Flippo, Defendant RTKL, and Defendant United States, its agencies, officers, corporations, agents, contractors, sub-contractors, and employees, breached the duty they owed the Plaintiff to make reasonable and/or required inspections for the dangerous road cut.  These Defendants failed to inspect for the dangerous road cut, and failed to properly manage contractors, subcontractors, and construction contracts to ensure that the dangerous road cut was reported and repaired for the safety of the public and of cyclists, including the Plaintiff.  They also failed to abate the condition, report the condition, or warn the Plaintiff and the public of the dangerous condition.

54.     On information and belief, Defendant GBC and/or JF or other named Defendants failed to provide Defendant United States and its agency the Architect of the

17

Capitol with accurate safety data for extended periods of time that they should have provided in the ordinary course of contract management for the safety of the Plaintiff and the public.

55.     On information and belief, one of Defendant contractors failed to correct recurring safety concerns over an extended period of time that it was required to correct in compliance with construction and safety standards, regulations, and laws, and for the protection of the Plaintiff and public.  This failure was allowed to continue by Defendant United States and Defendant GBC, and its contractors and employees in breach of standard and safe contract management, supervision, and oversight, thereby fostering unsafe conditions for the Plaintiff and the public, including the concealed road cut.

56.     On information and belief, Defendant United States and Defendant GBC, or other named Defendants failed to analyze results of monthly safety audits or safety audit findings in conjunction with injuries to prevent and provide adequate protection for the Plaintiff and the public from safety hazards, including but not limited to the abandoned road cut and its dangerous concealment along the 100 block of Constitution Avenue, N.E.  These actions were in breach of standard and safe contract management and construction and safety standards, supervision and oversight, and fostered unsafe conditions for the Plaintiff and the public, including the abandonment of the road cut in the 100 block of Constitution Avenue, NE, and its dangerous concealment.

57.     Defendant United States, and the other named Defendants failed to conduct reasonable, and/or required inspections for safety hazards, and failed to correct recurring safety concerns, including the road cut and its dangerous concealment that is the subject of this litigation for the safety of the public and the Plaintiff. Said Defendants

failed to take required precautions against injury or damage to the Plaintiff and other members of the public such as required and reasonable inspections and construction contract management, oversight, and supervision.

58.     As a direct and proximate result of Defendants' negligence and the breach of their duties owed Plaintiff as alleged herein, Plaintiff was injured as described above.

59.     The injury alleged herein occurred solely as a proximate result of Defendants' negligence without any contributory negligence or assumption of the risks on the part of the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00) in compensatory damages and such other and further relief as the Court deems just and proper.

Date:  February 14, 2008                    RESPECTFULLY SUBMITTED,


_____
David F. Hall, DC Bar No. 441229
Law Office of David F. Hall
707 D Street, S.E.
Washington, D.C. 20003
(202) 547-9823
Attorney for Plaintiff


**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Date:  February 14, 2008                    RESPECTFULLY SUBMITTED,


_____
David F. Hall

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Wolfgang Koehling, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-001152-RCL |
| | ) | |
| United States of America, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

UPON CONSIDERATION of the Consent Motion to File Plaintiff's First Amended Complaint, and the record herein, it is by the Court this ___ day of February, 2008;

ORDERED that the Consent Motion to File Plaintiff's First Amended Complaint be GRANTED, and it is further

ORDERED that Plaintiff's First Amended Complaint be and hereby is deemed accepted and filed.

_____
J U D G E

Electronic Copies to: All Counsel of Record