IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Wolfgang Koehling, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07-cv-001152-RCL |
| ) | Judge Royce C. Lamberth |
| United States of America, et al., ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANT

## JACOBS FACILITIES, INC.

COMES NOW, Defendant Jacobs Facilities, Inc. ("JFI") by and through its undersigned counsel, and hereby answers the First Amended Complaint filed in the above-captioned matter as follows:

### INTRODUCTION

1. Paragraph 1 of the Complaint contains allegations and conclusions of law to which no response is required.

2. Paragraph 2 of the Complaint contains allegations and conclusions of law to which no response is required.

### JURISDICTION

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required.

5. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 5 of the Complaint and therefore denies them.

## PARTIES

6. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 6 of the Complaint and therefore denies them.

7. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 7 of the Complaint and therefore denies them.

8. Admitted that Defendant JFI is a corporation and a subsidiary of Jacobs Engineering Group, Inc. This Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 9 of the Complaint and therefore denies them.

10. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 10 of the Complaint and therefore denies them.

11. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 11 of the Complaint and therefore denies them.

12. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 12 of the Complaint and therefore denies them.

13. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 13 of the Complaint and therefore denies them.

## STATEMENT OF FACTS

14. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 14 of the Complaint and therefore denies them.

15. This Defendant admits that Defendant Flippo created saw cuts on the 100 block of Constitution Avenue, N.E.  However, this Defendant lacks sufficient information to admit or deny the allegations concerning whether the saw cut that Plaintiff's bicycle dropped into was created by Defendant Flippo or whether the saw cut ran parallel with the road and therefore this Defendant denies these allegations.

16. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 16 of the Complaint and therefore denies them.

17. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 17 of the Complaint and therefore denies them.

18. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 18 of the Complaint and therefore denies them.

19. This Defendant admits that Defendant WMS was conducting excavation in conjunction with the Constitution Avenue Tunnel Project on the 100 block of Constitution Avenue, N.E. adjacent to the saw cut.  This Defendant denies all other allegations set forth in paragraph 19.

20. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 20 of the Complaint and therefore denies them.

21. Denied as to this Defendant.

22. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 22 of the Complaint and therefore denies them.

23. Denied as to this Defendant.

24. Denied as to this Defendant.

25. Denied as to this Defendant.

26. Denied.

27. Denied as to this Defendant.

28. Denied as to this Defendant.

29. Denied as to this Defendant.

30. Denied.

31. Denied.

32. Denied as to this Defendant.

## COUNT ONE
## (Negligence)

33. In response to the allegations of paragraph 33, Defendant incorporates its responses to paragraphs 1 through 32 above.

34. Denied as to this Defendant.

35. Denied as to this Defendant.

36. Denied as to this Defendant.

37. Denied as to this Defendant.

38. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 38 of the Complaint and therefore denies them.

39. Denied as to this Defendant.

40. Denied as to this Defendant.

41. Denied as to this Defendant.

42. Denied as to this Defendant.

43. Denied as to this Defendant.

44. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 44 of the Complaint and therefore denies them.

45. Denied as to this Defendant.

46. Denied as to this Defendant.

47. Denied as to this Defendant.

48. Denied as to this Defendant.

49. Denied as to this Defendant.

50. This Defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 50 of the Complaint and therefore denies them.

51. Denied as to this Defendant.

52. Denied as to this Defendant.

53. Denied as to this Defendant.

54. Denied as to this Defendant.

55. Denied as to this Defendant.

56. Denied as to this Defendant.

57. Denied as to this Defendant.

58. Denied as to this Defendant.

59. Denied as to this Defendant.

This Defendant denies that Plaintiff is entitled to the relief sought.

This Defendant generally denies all allegations of negligence and/or wrongdoing.

This Defendant denies all allegations of the Complaint that are not specifically admitted herein.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

At all times, this Defendant acted reasonably and safely under the circumstances.

### THIRD DEFENSE

This Defendant committed no acts of negligence or violations of the relevant standards of care.

### FOURTH DEFENSE

This Defendant committed no violations of any relevant statutes, rules, or regulations.

### FIFTH DEFENSE

This Defendant did not know and did not have reason to know about the danger, if any, posed to Plaintiff.

### SIXTH DEFENSE

Plaintiff was not injured to the extent alleged in the Complaint.

### SEVENTH DEFENSE

The area in which Plaintiff claims to have been injured was not under this Defendant's care, custody, or control.

### EIGHTH DEFENSE

Plaintiff's damages or injuries, if any, were caused by the negligence of a person over whom this Defendant did not exercise any control.

### NINTH DEFENSE

Any negligence committed by this Defendant is not a proximate cause of the damages or injuries Plaintiff claims to have suffered.

### TENTH DEFENSE

Plaintiff's damages or injuries, if any, were not caused as a result of a breach of any duty that this Defendant owed to Plaintiff.

## ELEVENTH DEFENSE

Plaintiff's own actions are the proximate and/or intervening causes of any damages or injuries he claims to have suffered.

## TWELFTH DEFENSE

Plaintiff's claims are barred by the doctrines of contributory negligence and assumption of the risk.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations and/or the doctrine of laches.

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate any damages that he may have suffered.

WHEREFORE, Defendant JFI requests that Plaintiff's claims be dismissed with prejudice, that it be awarded its fees and costs, and that this Court order such other relief as it deems just.

Respectfully submitted,

\_\_\_\_\_/s/ Thomas S. Schaufelberger_____
Thomas S. Schaufelberger, D.C. Bar No. 371934
SAUL EWING LLP
2600 Virginia Avenue, N.W.
Suite 1000
Washington, DC  20037
202-295-6609
FAX:  202-295-6709
E-mail: tschaufelberger@saul.com

*Counsel for Jacobs Facilities, Inc.*

-8-

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing ANSWER TO FIRST AMENDED COMPLAINT OF DEFENDANT JACOBS FACILITIES, INC., will be served as a matter of course on all Counsel of Record herein by electronic mail via the Court, this 18th day of March, 2008.

                                                             /s/ Thomas S. Schaufelberger
                                                   Thomas S. Schaufelberger